### First National Bank of Jackson v. City of Jackson.

(Decided May 8, 1923.)

Appeal from Breathitt Circuit Court.

1. Municipal Corporations—"Indebtedness" of City, Within Constitutional Limitation, Means Obligations Which it Has Not Present Means to Pay.—Within Constitution, section 158, limiting the indebtedness of a city of the fourth clsas to 5 per cent of the taxable property, the word "indebtedness" means an obligation of which there is no present means of payment, and does not include obligations of the city which it has funds in the treasury to pay.

2.   Municipal Corporations—Sinking Fund to Pay Bonds Not Due De-
     ducted in Determining Indebtedness of City.—In determining the
     indebtedness of a city within the constitutional provision limiting
     its indebtedness, a sinking fund held by the city for the purpose
     of paying outstanding bonds which are not yet due and therefore
     cannot be paid, is to be deducted from the amount of the outstand-
     ing bonds.

W. L. KASH for appellant.

O. H. POLLARD and M. H. HOLLIDAY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The city of Jackson sold to the First National Bank
of Jackson an issue of waterworks bonds of the par value
of $25,000.00, and thereafter brought this suit against
the bank to enforce specific performance of the contract.
From a judgment in favor of the city the bank appeals.

It is conceded that the election was regularly called,
properly advertised and regularly held, and that the
bond issue was carried by the overwhelming vote of
274 to 5.

The only ground on which the validity of the bonds
is assailed is that the indebtedness, together with other
outstanding indebtedness, exceeds the debt limit pre-
scribed by section 158 of the Constitution. Jackson is a
city of the fourth class, and the debt limit is five per
cent of the value of the taxable property therein, to be
estimated by the assessment next before the last assess-
ment previous to the incurring of the indebtedness. It
is admitted that the assessed valuation of all taxable
property in the city for the year 1921 was $680,389.00,
five per cent of which is $34,019.45. It is agreed, how-
ever, that the city also has outstanding a street bond in-
debtedness of $11,250.00, but that there is in the sinking
fund created for the purpose of retiring those bonds the
sum of $4,492.04. As the outstanding street bond in-
debedness added to the proposed bond issue will ex-
ceed five per cent of the taxable property, it is apparent
that the proposed waterworks bond issue will exceed the
debt limit, unless the sum in the sinking fund to the
credit of the street bonds may be deducted from that
issue. Ordinarily, of course, one is indebted although he
may be abundantly able to pay, but under a constitutional
provision that no municipality shall incur an indebted-
ness beyond a certain amount, the word "indebtedness"

is ordinarily held to mean the contraction of an obligation of which there is no present means of payment. Brashear v. City of Madison, 142 Ind. 685, 33 L. R. A. 474. In other words, an obligation cannot be reckoned as an indebtedness when there are funds in the treasury available to meet it. 19 R. C. L., p. 986; Veatch v. Moscow, 18 Idaho 313, 109 Pac. 722, 21 Ann. Cas., 1332; National Life Ins. Co. v. Meade, 13 S. D. 37, 82 N. W. 78, 79 A. S. R. 876, 48 L. R. A. 785. Here the city of Jackson has provided a sinking fund pursuant to the mandate of the Constitution. It cannot be used now to retire the street bonds, as none of them are due. However, it has been inviolably set apart for the payment of those bonds when due, and cannot be expended for any other purpose. Therefore, it sems to us that the only street bond indebtedness beyond the city's ability to pay is the difference between the entire indebtedness and the amount on hand to the credit of the sinking fund. As this difference, added to the waterworks bond issue, will not exceed five per cent of the assessed value of the taxable property in the city, estimated as required by the Constitution, it follows that the proposed indebtedness will not exceed the constitutional limit.

As the waterworks bonds will be a valid obligation of the city, it results that the court did not err in adjudging specific performance of the contract of purchase.

Judgment affirmed.