## Sutherland, et al. v. Board of Education, City of Corbin, et al.

(Decided June 22, 1923.)

### Appeal from Whitley Circuit Court.

Schools and School Districts—Limit of Indebtedness Board of Education of Third Class City Can Incur is 2 per cent of Valuation, Not Limit Permitted City.—Under Constitution, sections 157, 158, limiting the indebtedness which may be incurred by cities of the third class having a population of less than 15,000 to five per cent of the value of the taxable property, and of that of counties, tax districts and other municipalities, to two per cent, a board of education in a city of the third class is not entitled to incur indebtedness in excess of two per cent of the valuation of the property, since the indebtedness is that of the board, and not of the city.

T. E. MAHON for appellants.

STEPHENS & STEELY and M. A. GRAY for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

G. H. Sutherland and others, appellants, as residents, property owners and taxpayers of the city of Corbin, filed this suit in the Whitley circuit court against the board of education of that city and its several members to enjoin an issue and sale of school improvement bonds amounting to $75,000.00. To their petition, setting out in detail the proceedings under which it is proposed to issue the bonds, a demurrer was sustained. From an order dismissing the petition this appeal has been granted.

Corbin is a city of the third class, and with one exception the questions made on this appeal are identical with those raised and decided in Rogan v. Board of Education of the City of Middlesboro, etc., 192 Ky. 770, where

it was held that a bonded indebtedness incurred under chapter 53 of the Acts of 1920 is an indebtedness of the board of education and not of the city, and in determining the amount of indebtedness authorized under that act and under sections 157 and 158 of the Constitution the indebtedness of the city cannot be taken into consideration.

The exception to the questions decided in the case just referred to is that it is shown in the petition in this proceeding that the assessed valuation of the property in Corbin next before the last assessment previous to the voting of the bonds was $2,638,923.00; that there is an existing indebtedness against the board of education of Corbin of $23,000.00, which, with the proposed issue of bonds, will make a total indebtedness of $98,000.00. The question is, is this indebtedness authorized under sections 157 and 158 of the Constitution? The latter section provides that "cities, towns, counties, taxing districts and municipalities shall not be authorized or permitted to incur indebtedness to an amount, including existing indebtedness, in the aggregate exceeding the following named maximum percentages on the value of the taxable property therein, to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness, viz.: Cities of the first and second classes, and of the third class having a population exceeding fifteen thousand, ten per centum (10%); cities of the third class having a population of less than fifteen thousand, and cities and towns of the fourth class, five per centum (5%); cities and towns of the fifth and sixth classes, three per centum (3%); and counties, taxing districts and other municipalities, two per centum (2%)." Certain exceptions to these limits are allowed by the Constitution, but the indebtedness in question comes within none of those exceptions.

It will be noted that the limit of indebtedness for "counties, taxing districts and other municipalities" is two per centum, while the limit for cities of the third class having a population of less than fifteen thousand and cities and towns of the fourth class is five per centum. In the Rogan case, *supra,* it was held that the indebtedness incurred for schools in cities of the third class is not an indebtedness of the city but of the board of education. Hence the extent of the indebtedness that the board of education is authorized to incur is not determined by the authority conferred upon cities of the

third class, but by the maximum of two per cent. fixed for "counties, taxing districts and other municipalities." The constitutional provision is unequivocal. It prohibits the board of education from incurring an indebtedness in excess of two per cent. of the value of the taxable property in the city, to be estimated by the assessment next before the last assessment previous to the incurring of the indebtedness. The proposed bond issue, with the existing indebtedness of the board, far exceeds the maximum allowed. It follows that the petition stated a cause of action, and the court erred in not enjoining the bond issue to the extent that it exceeds the constitutional limit. Moss v. City of Mayfield, etc., 186 Ky. 330.

Wherefore the judgment is reversed and the cause remanded for proceedings consistent with this opinion.