# Boll v. City of Ludlow.

(Decided December 21, 1928.)

STEPHENS L. BLAKELY for appellant.

HELM WOODWARD for appellee city of Ludlow.

JOHN T. MURPHY for appellee board of education of city of Ludlow.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Ludlow is a city of the fourth class. The boundary of the city and the boundary of the city school district is the same. On October 1, 1928, the board of education, by unanimous vote, after making a careful survey of conditions, determined that the present buildings and equipment were inadequate for school purposes, and certified to the general council this fact, and the general council called an election to take the sense of the people on a bond issue of $160,000, extending over a period of 20 years and bearing interest at 5 per cent. The election was duly held; 1,339 qualified voters voted for the bond issue, and 350 against it. The bonds were thereupon ordered by the council to be issued and offered for sale, and this action was brought by a taxpayer to enjoin the issuance of the bonds, on the ground that the bond issue was invalid under section 158 of the Constitution.

The taxable property of the city, by the assessment next before the last assesssment, is $4,632.550. Two per cent. of this would only be about $92,657, whereas the bond issue is for $160,000. In the ordinance the bonds are thus designated: "Bonds of the city of Ludlow, for

and on behalf of the board of education of the said city, to be known as 'School Improvement Bonds of the City of Ludlow, Kentucky.' '' By section 158 of the Constitution a city of the fourth class may by a vote of the people incur an indebtedness of 5 per cent. of the taxable property therein, but any county, taxing district, or other municipality may not incur a bonded indebtedness exceeding 2 per cent. The circuit court held the bond issue valid. The plaintiff appeals.

In Sutherland v. City of Corbin, 200 Ky. 23, 252 S. W. 123, Corbin, a city of the third class, had authorized a bond issue under section 10 of the act of 1920 (see Acts 1920, p. 233), and it was held that these bonds were the bonds of the school district, and that bonds not over 2 per cent. of the assessed value of the property of the district could be issued. That case followed Rogan v. City of Middlesboro, 192 Ky. 770, 234 S. W. 443. Middlesboro is also a city of the third class, and in that case, under the same act, it was held that the bonds issued thereunder were not the bonds of the city, but the bonds of the school district. Ashland is a city of the second class. In Clere v. Ashland, 211 Ky. 131, 277 S. W. 335, it was insisted that bonds issued by the city, while in the third class, should not be considered in determining whether the proposed bond issue would exceed the 2 per cent. limit, and it was held that the limitation was of the total outstanding issue of bonds for school purposes, ''without regard to whether they are issued by the board of education or by the city itself.''

The above cases turned on the statute regulating cities of the second and third classes under the Constitution. The cases involving cities of the fourth class, such as Corbin, are these: In Moss v. City of Mayfield, 186 Ky. 330, 216 S. W. 842, the city had established white schools and colored schools, and in making a bond issue for the support of the colored schools it was held that the bond issue could not exceed 2 per cent. of the assessed value of the property of the colored people in the district. In Shaw v. City of Mayfield, 191 Ky. 389, 230 S. W. 539, it was held that a bonded indebtedness of the city created for school purposes in 1908 was not counted as the indebtedness of the school district, composed of the city and adjacent territory, in a bond issue under the act of 1920. In other words, it was held that these old bonds

were the indebtedness of the city, and not of the school district.

The bonds in question were issued under the act of 1928. See Acts 1928, p. 201. But this act is practically the same as the act of 1920 (see Acts 1920, p. 48), except that it raised the limit from 2 per cent. to 4 per cent. The act of 1920 governing cities of the fourth class is much the same as the act of the same session governing cities of the third class. See Acts 1920, pp. 48, 233. If, as has been held, in third-class cities, the bonds are not the bonds of the city, but of the school district, upon what can we rest a conclusion that the bonds issued under the act for fourth-class cities are different? The act applies, though part of the school district is outside of the city; all parts of the district are taxed at the same rate (page 204), the bonds are signed by "the president and secretary of the board of education" (page 203); they are designated as "School Improvement Bonds" (page 202), and as they are sold "their proceeds shall be placed to the credit of the board of education in the same depository which is selected for its other funds" (page 202).

Fulton is a city of the fourth class. An election was held there in January, 1922, under the act of 1920, on the issuing of $50,000 of bonds for school purposes. The city had an outstanding indebtedness of $30,000. The school district had an indebtedness of $6,000. In Fall v. Read, 194 Ky. 135, 238 S. W. 177, the question was presented, should both these sums be counted, or, if not both, which should be counted in determining whether the constitutional limit of indebtedness was exceeded? Plainly the question turned on the character of the indebtedness created by the bonds. Holding that the indebtedness of the school district should be counted, and that the city indebtedness should not be counted, the court said:

"We have held in the case of Shaw v. City of Mayfield, 191 Ky. 389 [230 S. W. 539], and in Rogan v. Board of Education of the City of Middlesboro, 192 Ky. 770 [234 S. W. 443], that the outstanding indebtedness of a municipality cannot be taken into the estimate in determining whether a graded school district has reached the constitutional limitation of indebtedness; that the graded school district is a separate taxing unit from the municipality, and that

the municipality may incur an indebtedness not exceeding the limits fixed in sections 157 and 158 of the Constitution of Kentucky, and the school district may likewise incur an indebtedness within limits fixed for school purposes by the same sections of the Constitution. As the graded school district of the city of Fulton and adjacent territory had only $6,000 of outstanding indebtedness, and according to its list of assessed taxable property might incur an indebtedness of approximately $65,000, the school district did not exceed its constitutional limit of outstanding indebtedness by the adoption of the $50,000 bond issue.''

The case is here on demurrer to the petition. It is alleged in the petition that the indebtedness of the city is $39,000, and that the city has in its sinking fund $11,000; also that the indebtedness of the school district is $33,000, and that it has in its sinking fund $14,000. The rule is that the amount in the sinking fund is to be deducted to get the net indebtedness. First National Bank v. Jackson, 199 Ky. 94, 250 S. W. 795. So the net indebtedness of the school district is $33,000 minus $14,000, or $19,000.

Upon a reconsideration of the question involved here, the court adheres to the rule heretofore laid down that the indebtedness incurred under the statutes is the indebtedness of the school district. The act of 1928, raising the limit of indebtedness that may be incurred by the school district from 2 per cent. to 4 per cent., is invalid under section 158 of the Constitution. The indebtedness is not that of the city, and an indebtedness exceeding 2 per cent. may not be incurred by the school district. The existing indebtedness of the school district, amounting to $19,000, must be included, and under the allegations of the petition bonds may be issued to the amount of $92,657 minus $19,000, or $73,657; but the bonds in question may be issued only to this amount.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the petition, and for further proceedings consistent herewith.

Whole court sitting.