## Boll v. City of Ludlow et al.

(Decided June 17, 1930.)

STEPHENS L. BLAKELY and JOHN T. MURPHY for appellant.

HELM WOODWARD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Pursuant to a proper resolution of the board of education of Ludlow, a city of the fourth class, the general council of that city called an election for the purpose of submitting to the voters the question whether bonds to the amount of $160,000 should be issued for the purpose of providing funds for the erection of a new school building in the city. The election was duly held, and the proposition was carried by a vote of 1339 to 350. Thereupon John H. Boll, a citizen and taxpayer of the city, brought suit to enjoin the issuance of the bonds on the ground that the amount of the bonds proposed to be issued exceeded 2 per cent. of the taxable property in the

city, the limit fixed by section 158 of the Constitution. A demurrer was sustained to the petition, and the petition was dismissed. On appeal it was held that, on the facts stated in the petition, the entire issue exceeded the debt limit, but that bonds to the amount of $73,657 could be issued, and judgment was reversed and cause remanded with directions to overrule the demurrer to the petition and for further proceedings consistent with the opinion. Boll v. City of Ludlow, 227 Ky. 208, 12 S. W. (2d) 301.

During the pendency of the action there was a substantial change in the financial condition of the board of education, and an increase in the taxable property of the city, and the board filed an answer pleading facts showing that it was entitled to issue bonds to the amount of $96,217.88, and that proper steps had been taken to provide for the issue and sale of bonds to the amount of $77,000. Thereupon the case was submitted on the pleadings, and the lower court enjoined the issuance of any bonds in excess of $96,217.88, and upheld the bond issue to the extent of $77,000. The taxpayer appeals.

We have ruled in a number of cases that, in determining whether or not an indebtedness exceeds the constitutional limit, the time the bonds were sold is controlling, and not the time of the election. Smith v. Livingston County, 195 Ky. 382, 242 S. W. 612; Young v. Fiscal Court, etc., 190 Ky. 604, 227 S. W. 1009; City of Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498; Frost v. Central City, etc., 134 Ky. 434, 120 S. W. 367. In view of this rule there can be no doubt that the proposed issue of bonds to the amount of $77,000 is well within the constitutional limit.

But the point is made that the voters of the city voted for a bond issue of $160,000 to build a $160,000 schoolhouse, and might not have voted for the proposition if it had been understood that they were to get only a $77,000 schoolhouse. It is therefore argued that there has been a substantial departure from the plan originally submitted and that bonds to build a $77,000 schoolhouse may not be issued without submitting the proposition at another election. Not only did we hold in our original opinion that bonds for a less amount than $160,000 could be issued, but have often held that, where the people vote for a bond issue in excess of the limit fixed by section 158 of the Constitution, only the excess is void, and that bonds within the constitutional limit may be issued. Moss v. City of Mayfield, 186 Ky. 330, 216 S. W. 842;

814

Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35, 23 Ky. Law Rep. 1292; Levi v. City of Louisville, 97 Ky. 394, 30 S. W. 973, 16 Ky. Law Rep. 872, 28 L. R. A. 480; McKinney v. Board of Trustees of Cadiz Graded Common School, 144 Ky. 85, 137 S. W. 839; Smith v. Livingston County, supra; Sutherland v. Board of Education, City of Corbin, 200 Ky. 23, 252 S. W. 123. The kind and cost of a school building are matters to be determined by the board of education. Resort is had to the voters, not for the purpose of submitting these matters to them, but for the authority to incur an indebtedness in excess of the revenue and income provided for the year. In submitting this question the board does not surrender its discretion. If the proposition carries, and the whole amount voted is within the constitutional limit, the board does not have to expend the entire sum. On the other hand, if the issue voted exceeds the constitutional limit, no reason is perceived why the welfare of the pupils should be sacrificed until another vote is taken. The power of the board still remains. It may deal with the situation in a common sense way and provide a less expensive or commodious building, just so the expenditure for that purpose is within the limit voted by the people and fixed by the constitution. It follows that the lower court properly upheld the bond issue to the extent of $77,000.

Judgment affirmed.