### City of Frankfort v. Harrod.

June 21, 1940.

As Modified Sept. 24, 1940.

Wm. B. Ardery, Judge.

756

Guy H. Griggs and Grafton & Grafton for appellant.

Woodward, Dawson & Hobson and Samuel M. Rosenstein for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

The city of Frankfort brought this action against Lebus Harrod, individually and as a taxpayer and citizen of Frankfort, and on behalf of all other citizens and taxpayers thereof, seeking a declaration of rights and judicial approval of a proposed issue of bonds by the city in the sum of $75,000 to pay off and retire bonds of the city in like sum which mature January 1, 1941. The lower court sustained a demurrer of the taxpayer to the petition and the city declining to further plead its petition was dismissed, hence this appeal.

The record discloses that on January 1, 1921, pursuant to authorization granted by the voters, the city issued its bonds in the principal sum of $75,000 due and payable January 1, 1941, and bearing interest at the rate of 6 per cent per annum, payable semi-annually. All interest on the bonds has been paid. No sinking fund has been provided for the retirement of the bonds or any part thereof and the city has no available funds

to be used for that purpose. By proper ordinance the city has provided for the issuance and sale of the bonds in the principal sum of $75,000 to be dated May 1, 1940, and bearing interest at the rate of 3 per cent from January 1, 1941, the proceeds to be used in paying off and retiring the bonds in the same principal sum maturing on the latter date.

While this is a friendly suit, counsel for appellee apparently have tried to present every objection that could consistently be urged against the proposed issue; but no question is made concerning the validity of the bonds proposed to be retired by the proceeds of the new issue. On the other hand it is shown by pleading and proof that the election and all other requisite steps preliminary to the issuance of the bonds dated January 1, 1921, were duly and legally taken and that the indebtedness incurred did not exceed the limits fixed by the constitution. It therefore must be regarded as a valid, subsisting indebtedness. Although it does not so appear in the record it is indicated in brief that the demurrer was sustained solely on the ground that holders of the bonds to be refunded or renewed were necessary parties to the action and since they were not represented, no adjudication could be made and that this conclusion was based on the case of Hale v. Fulton County Fiscal Court, 282 Ky. 475, 138 S. W. (2d) 937.

The petition is in proper form and sets out with particularity all the essential facts. Since we can conceive of no argument other than that advanced by counsel for appellee to sustain the judgment we shall consider the various objections to the proposed bond issue raised in his brief. It is first argued in effect that this court has disapproved proposed issuance of refunding bonds in substantially the same circumstances and the cases of Russel v. Boyd County, 274 Ky. 375, 118 S. W. (2d) 756, and State Highway Commission v. King, 259 Ky. 414, 82 S. W. (2d) 443, are cited. But those cases are easily distinguished and in fact do not sustain appellee's theory. They were both dealing with a proposed refunding of bonds before maturity. Counsel recognize, as held by this court in those cases, that a county or municipality may refund or renew bonds at maturity and that a new issue substituted for the original has the same characteristics as the bonds to be retired, however,

it is urged that the outstanding bonds must be retired before the substitutes are issued. To sustain such argument would be to hold that the city must default in payment of its bonds, before, in the circumstances revealed by the record, it could make provisions for meeting its lawful obligations.

It is further argued in effect that the proposed issue will result in increase and duplication of the city's indebtedness. While the proposed new issue will bear date of May 1, 1940, the bonds will bear interest from January 1, 1941, and will be retired on the latter date out of the proceeds of the new issue so there will be neither duplication of principal nor interest. Under the proposed set up, if the new bonds are sold before the maturity of the outstanding bonds, the proceeds are to be placed on deposit and to be applied to the retirement of the old issue at maturity and for no other purpose; therefore in determining the indebtedness of the city this fund would be considered as in the nature of a sinking fund held for the purpose of paying outstanding bonds and be deducted from the amount of outstanding bonded indebtedness. First National Bank of Jackson v. City of Jackson, 199 Ky. 94, 250 S. W. 795.

It is further urged that since the record does not show what the principal indebtedness of the city of Frankfort is the court cannot determine whether the proposed bonds will exceed the limit of indebtedness fixed by Section 158 of the Constitution. That contention might be well founded if the city were incurring additional indebtedness but as shown by the record and by the authorities already cited such is not the case but this is simply a renewal or continuation of an outstanding valid indebtedness.

Finally it is argued that the failure to make a holder of the outstanding bonds a party to the action renders the petition fatally defective and Hale v. Fulton County Fiscal Court, supra, is cited. In that case it was held that the petition was defective because it did not allege or show that defendant Hale was a citizen or taxpayer of the county or that he had any interest whatever in the controversy. It was suggested that on return of the case a bondholder should be made a party, but in that case as in other cases referred to by appellee, it was proposed to refund bonds before maturity. The situa-

tion is entirely different here and no right of the bond-holders will be violated or affected. The bonds will mature on January 1, 1941, and bondholders will have no alternative except to accept payment when tendered. The city has a right to retire its bonds when they mature and the bondholder has no cause for complaint event though funds for retirement are acquired by the city under a new bond issue. It is our conclusion that the city has a right to issue renewal or refunding bonds to retire the outstanding bonds referred to in the petition at maturity; that the proper procedure has been followed and that such bonds, if and when issued, will be valid. Therefore the court erred in sustaining a demurrer to the petition.

If upon a return of the case to the lower court no issue is made by appellee, the court should declare the rights of the parties and enter judgment in conformity with this opinion for safeguarding the funds derived from a sale of the proposed bonds and for their application to the payment of the bonds maturing January 1, 1941, and to no other purpose.

Wherefore the judgment is reversed for proceedings and judgment in conformity with this opinion.