# Howard et al. v. Town of Loyall.

Oct. 29, 1940.

J. S. Forester, Judge.

Edward G. Hill for appellant.

A. Joe Asher for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This suit was brought to test the validity of $17,000 of bonds proposed to be issued by the board of trustees of the town of Loyall, a municipal corporation of the sixth class.

The board of trustees of the town adopted an ordinance providing for an election to be held on November 7, 1939, at which was submitted to the voters the question whether an indebtedness should be incurred in the amount of $17,000 for the purpose of erecting a concrete bridge over the Cumberland river within the corporate limits of the town. At the election more than two-thirds of the voters voting on the proposition voted in favor of incurring the indebtedness. The Works Progress Administration of the Federal Government agreed to grant assistance in the construction of the bridge and to pay all costs in excess of $17,000. The approximate cost of the bridge will be $48,000. Thereafter the board of trustees passed an ordinance providing for the issuance of $17,000 general revenue bonds of the town of Loyall, and providing for the levying of taxes to pay the same. This action was then brought against Ely Howard, a

resident taxpayer of the town, to test the validity of the bond issue and to obtain the court's approval. An order was entered authorizing Howard to defend for and on behalf of all citizens and taxpayers of the town.

The petition alleged that at the time of the passage of the ordinance providing for the issuance of the bonds to the amount of $17,000, the total of all other indebtedness of the town was $6,000, and that the valuation of taxable property in the town as shown by the assessment for the year 1938 was $765,850 and by the assessment for the year 1939 was $776,750, and that the total indebtedness of the town, including the bridge bonds, would not exceed the constitutional limitation of 3 per cent. of the value of taxable property in the town. The circuit court adjudged that the indebtedness of $17,000, evidenced by the bridge bonds of the town, was lawfully created and did not exceed the constitutional limitation of indebtedness, and that when issued the bonds would constitute valid and binding obligations of the town. It appears that if the assessment for the year 1938 is used as a basis for calculating the amount of indebtedness that may be incurred, the issuance of $17,000 of bonds will exceed the amount permitted by Section 158 of our Constitution by a few dollars, but if the assessment for the year 1939 is used the indebtedness will not exceed the amount permitted by the Constitution. Issuance of the bonds was not authorized until after the assessment date for the year 1939, and necessarily their sale will be made subsequent to July 1, 1940, the 1940 assessment date. The 1939 assessment therefore will control, since Section 158 of the Constitution provides that the amount of indebtedness permitted to be incurred must be estimated by the assessment next before and the last assessment previous to the incurring of the indebtedness.

In determining whether an indebtedness exceeds the constitutional limit, the time the bonds were sold is controlling and not the time of the election. Boll v. City of Ludlow, 234 Ky. 812, 29 S. W. (2d) 547; Young v. Fiscal Court, 190 Ky. 604, 227 S. W. 1009; Frost v. Central City, 134 Ky. 434, 120 S. W. 367. However, an insuperable obstacle to the approval of the validity of the bonds by this court is the absence from the record of any proof. Section 186c-6 of the Kentucky Statutes provides that it shall be unlawful for any fiscal court, city council, board of trustees of town and other taxing dis-

tricts to issue and offer to sell any bond, or obligation thereof until the issuance thereof has been approved by a court of competent jurisdiction declaring the same are based upon and to cover an indebtedness thereof within the constitutional limitation. Section 186c-7 of the Statutes provides that no bond of any municipality shall be approved by the court until and unless it is alleged and proven by such municipality that the indebtedness thereof and for which the bond is intended to be evidence was created and was within the constitutional limitation of indebtedness thereof. The chancellor, in his judgment, recited that the case was submitted on the pleadings, exhibits, and proof, but no proof appears in the record before us. There should be proof as to the validity of the election, amount of existing indebtedness, and the value of the taxable property in the town as shown by the 1939 assessment. If, upon return of the case, proof is heard and it sustains the allegations of the petition, the court will be authorized to enter a judgment declaring that the bonds when issued will be valid and binding obligations of the town.

For the reason indicated, the judgment is reversed.