# Howard et al. v. Town of Loyall.

Dec. 20, 1940.

J. S. Forester, Judge.

Edward G. Hill for appellants.

A. J. Asher for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case. The opinion in the first one was rendered on October 29, 1940, and is reported in 284 Ky. 233, 144 S. W. (2d) 502. It is an action for the purpose of procuring the approval of the court of a bond issue of $17,000 by the sixth class town of Loyall in Harlan County, Kentucky, as is prescribed in Section 186c-6 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. The following Section (186c-7) prescribes that before the court shall give its approval for the bond issue it must be "alleged and proven by such county, city, municipality or other taxing district that the indebtedness thereof and for which the bond is intended to evidence, was created and was within the constitutional limitation of the indebtedness thereof," etc.

On the first appeal that requirement had not been followed and for which reason alone we reversed the judgment of the trial court approving the issue with leave to supply the omitted proof on another submission if it could be made. By agreement of parties an immediate mandate issued, which was filed in the trial court, and its first judgment was set aside pursuant to our opinion. Proof was then taken by witnesses competent to testify to the facts, and it was conclusively

established that the proposed bond issue was within the power and authority of the town, it violating no constitutional or statutory provision. After taking of that testimony the cause was again submitted, followed by judgment again approving the bond issue, and from that judgment this appeal is prosecuted.

No reason is urged against the propriety of the judgment, nor, indeed, could there be, since it was rendered in strict conformity with our directions contained in our first opinion, which of itself is sufficient to sustain the instant judgment under the "law of the case rule," even if there should be error in our first opinion, but which clearly is untrue. However, were this the first appeal the record as now made up discloses no reason whatever against the right of the town of Loyall to issue the bonds in contest, and that the procedure taken therefor conforms to all legal requirements.

Wherefore, for the reasons stated, the judgment is affirmed.