STATE OF FLORIDA v. NORTHEAST TAMPA SPECIAL ROAD AND BRIDGE DISTRICT OF HILLSBOROUGH COUNTY, FLORIDA, and the BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, FLORIDA.

STATE OF FLORIDA v. NORTH TAMPA SPECIAL ROAD AND BRIDGE DISTRICT OF HILLSBOROUGH COUNTY, FLORIDA, and the BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, FLORIDA.

STATE OF FLORIDA v. SPECIAL ROAD AND BRIDGE DISTICT No. 5 OF HILLSBOROUGH COUNTY, FLORIDA, and THE BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, FLORIDA.

STATE OF FLORIDA v. LAKE FERN SPECIAL ROAD AND BRIDGE DISTRICT OF HILLSBOROUGH COUNTY, FLORIDA, and the BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, FLORIDA.

(4 Cases)

3 So. (2nd) 481

En Banc

Opinion Filed July 23, 1941

*J. Rex Farrior,* for Appellant, State, and *Paul Lake* for Appellant, Intervening Taxpayer;

*Luther W. Cobbey* and *J. Franklin Garner,* for Appellees.

PER CURIAM.—On May 24, 1941, the Board of County Commissioners of Hillsborough County, having previously adopted resolution for that purpose, filed petitions in the circuit court to validate refunding bonds for North Tampa Special Road and Bridge District, Special Road and Bridge District No. 5, and Northeast Tampa Special Road and Bridge District and Lake Fern Special Road and Bridge District in Hillsborough County. The statutory notice to citizens and taxpayers was published in each of said Special Tax Districts as required by law. Answer was filed by the State Attorney and taxpayers were permitted to intervene and file answers in each case. The answer of the State Attorney was on motion amended to embrace all objections and questions of law or fact raised in the answers of the intervenors. Evidence was taken on the issues made, the questions were argued, and the circuit court entered a final decree in each case validating the refunding bonds. We are confronted with an appeal from all three decrees but the questions being identical, we treat them together.

The first question presented may be stated as follows: May the Board of County Commissioners of Hillsborough County impose an annual tax on all taxable property in said Special Tax Road and Bridge Districts sufficient to service the refunding bonds being validated, basing such tax on the previous three years tax collection?

The gist of the objection raised in this question is based on that part imposing the tax on the basis of the previous three years tax collection. Sections 2303 to 2308 inclusive, of the Compiled General Laws of 1927, is relied on to support this contention. These sections comprise portions of the general county budgetary law and have no reference to taxes for servicing special tax district bonds. The refunding bonds involved here are proposed to be issued under Chapter 15772, Acts of 1931, which provides a compelte scheme for their issue, sale, and liquidation irrespective of other Acts dealing with similar subjects. Webb v. Hillsborough County, 128 Fla. 471, 175 Sou. 874; State v. City of Clearwater, 125 Fla. 73, 169 Sou. 602.

The second question is whether or not the Board of County Commissioners of Hillsborough County is authorized to issue refunding bonds in the name of the said Special Tax Districts which may be in excess of the amount of principal and interest of the outstanding indebtedness.

We have examined the record in each case and find no merit to this question. All proceedings with reference to the issue of the refunding bonds are shown to be regular. It appears that the Board of County Commissioners made a study of the situation in the county and found that after the application of certain amounts in the sinking funds to the discharge of outstanding bonds of each special tax district, the remaining bonds could be refunded at considerable saving to the people of the county.

The evidence shows that the county commissioners purpose selling or exchanging only such refunding bonds as are necessary to replace the outstanding in-

debtedness and with that idea in view the provisions of Chapter 15772, Acts of 1931, are being strictly complied with. If it develops that more refunding bonds have been provided for by the resolution than will be necessary to replace the outstanding indebtedness of each of said special tax districts, the excess amount should not be authorized.

The decree of the chancellor in terms validates the bonds and authorizes the issue of the full amount named in the resolution. The amount of the outstanding refundable indebtedness of each of the involved districts was shown at the hearing and the decree should have limited the authority to issue bonds to an amount sufficient to refund the outstanding refundable obligations, and no more.

Another contention is made here to the effect that the county commissioners have entered into a contract to pay fiscal agents a fee of 2% on all bonds not exchanged but sold under the refunding plan. There is nothing in the record to show that the validity of the proposed refunding bonds is affected by an alleged fiscal agent's contract. It is too well settled to admit of question that the proceeds of refunding bonds must be used exclusively to discharge the old bonds and may not be used otherwise. That refunding bonds sell at a premium has no effect on the rule.

Whether or not the board of county commissioners have made a valid contract to pay fiscal agents for services in connection with this refunding bond issue, is not now before us and we, therefore, express no opinion in that regard. See State v. Sarasota County, 118 Fla. 629, 159 Sou. 797.

Other objections presented are found to be without merit.

The decree of the chancellor should be modified so as to validate, authorize and limit the issue of a sufficient amount of refunding bonds on behalf of each Special Road and Bridge District, as is shown to be required to refund the outstanding refundable bonds of each District, respectively, and not to increase the obligation so being refunded. When so modified, the decree will stand affirmed.

So ordered.

BROWN, C. J., TERRELL, BUFORD and THOMAS, J. J., concur.

WHITFIELD, CHAPMAN and ADAMS, J. J., dissent.

ADAMS, J., dissenting.—Petition was filed to validate refunding bonds under the refunding Act of 1931 and Section 6, Article 9, Florida Constitution.

The ultimate facts revealed to the Court by petition and exhibits attached are that the petitioner has outstanding road and bridge bonds with accrued interest aggregating $955,000.00; the rate of interest ranging from 3% to 6% on a graduated scale. It is alleged, as a conclusion, that it is for the best interest of the district and taxpayers that said bonds be refunded; that all acts and things have been done as required by law to do so.

The refunding bonds are to be numbered from 1 to 995 and are to mature in stated graduated amounts in numerical order from 1943 to 1972. The first forty-six bonds to bear 3½% interest per annum and the remainder 4%. Bonds 451 to 669 are callable in inverse order on and after 1961. Bonds 670 to 995 are callable in inverse order on and after 1966.

1. The first question is, are the allegations in the petition sufficient to give the court jurisdiction of the subject matter?

Omitting the bare conclusions of the pleader the petition shows no facts to warrant relief as prayed. It has always been fundamental that the actor in any court who asked the benefit of judicial approval should as a necessary prerequisite disclose by proper allegation the ultimate facts upon which the judgment is to rest. The refunding Act does not require a validation and when petitioners proceed under it they should properly plead their case. Any other interpretation would force the citizen and taxpayer to assume the burden of disproving petitioner's case. Notoriously absent here is any showing of inability to pay present obligations. The rights and remedies of the contracting parties were fixed when the bonds were originally issued and the burden of alleging and proving another status should be upon the moving party.

The Court takes notice that the refunding Act of 1931, Chapter 15772, General Laws, 1931, was passed at a time of great public financial distress and it was contemplated that only those so involved should utilize it. It is unfair for one generation to pass to the next obligations merely because credit has been made easier. Such was not the purpose of the refunding Act of 1931. Each generation has its own financial problems and obligations. Unnecessary extension of obligations will ultimately lead to bankruptcy. The obligations should be met as the benefits procured by same are being depleted. It is petitioner's obligation to make an honest effort to discharge these obligations according to contract, not to defer them without just cause. We held at this term that it was the duty of county commissioners to pay and discharge bonds where sufficient funds were on hand, rather than renew the bonds. See Suwannee County v. State, 2 So. (2nd)

850, 147 Fla. 477. By the same token it is the duty of the board to proceed according to law to raise the necessary funds in accordance with their contract. Were it a case of difference in judgment between the county commissioners and this Court, theirs would prevail. Where, as here, the record is silent of any need for the action taken we must hold that the board has abused its discretion.

2. If by any chance the petition could be held legally sufficient the relief could not be granted under the testimony. A portion of the outstanding bonds, to wit, $146,000.00, are non-callable. Petitioner has no knowledge where same are held or whether they can be refunded. In short, the case made on the evidence is purely conjective as to saving. There is nothing definite or certain about accomplishing the result. The greater portion of the outstanding bonds are refunding bonds issued in 1938, all due in 1968. They are callable and bear 4% interest to July, 1945. Petitioner's accountant figures a saving on one item of over $56,000.00 under this plan. This is not a saving but only a deferment for future payment. The testimony does not show inability to meet present requirements or where any appreciable saving can be made. Therefore the testimony is as deficient as the petition.

3. The petitioners are attempting, without a vote of the electorate, to issue serial or non-callable bonds in lieu of callable bonds. The question then, is not that an increase of the original obligation are violative of Section 6, Article 9, of the Florida Constitution. If the proposed bonds are issued the obligation of the taxpayer is two-fold. First, to pay; second, to pay interest until maturity. The latter is an added obligation

22

nonexistent heretofore and unauthorized unless incurred by vote of the electorate as required by law. See Suwannee County v. State, *supra*.

The decree should be reversed.

WHITFIELD and CHAPMAN, J. J., concur.