**MEREDITH et al. v. HILLSBOROUGH COUNTY, FLA., et al.**

**No. 10172.**

Circuit Court of Appeals, Fifth Circuit.

May 4, 1942.

---

Joseph P. Lea, Jr., and R. J. Pleus, both of Orlando, Fla., for appellants.

J. Franklin Garner, of Lakeland, Fla., Luther W. Cobbey, of Tampa, Fla., and Perry M. Chadwick, of Chicago, Ill., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit filed July 31, 1941, was for a judgment declaring that the call[1] for redemption on July 1, 1941, of road and bridge district bonds, was ineffective to stop interest, and that interest was still running on plaintiffs' bonds. The claim of ineffectiveness was that the moneys placed with the paying agent on July 1, 1941, were placed there not by the districts for redemption of the bonds but by bond purchasers for their purchase, and the condition for stopping interest, "that adequate funds for their redemption shall have been provided and set aside at the designated paying agent by said district for such purpose" was therefore not complied with. The defense was a denial that this was so, and an affirmative plea that the districts had "provided and set aside at the designated paying agent" the funds necessary to pay the bonds, that many of the holders of said bonds had presented the same for redemption, and had received the full amount in principal plus interest thereon, but that plaintiffs had failed to present their bonds.

There was a prayer that the complaint be dismissed or in the alternative, that the court affirmatively declare that the call was valid and effective to stop the running

---

[1] The call provision in the bonds read: "The right is hereby reserved to call and redeem all or any part of the issue of bonds of which this bond is one on any interest payment date prior to maturity at par plus accrued interest at the rate then prevailing as enforceable and collectible. In the event of the exercise of such right to call, not less than thirty nor more than sixty days notice of such redemption will be given by filing and publication as provided by the resolution of the said Board authorizing the issuance of the issue of bonds of which this bond is one, and said bonds, when so called, shall cease to bear interest on such redemption date, provided that adequate funds for their redemption shall have been provided and set aside at the designated paying agent by said District for such purpose."

of, and that plaintiffs' bonds had ceased to bear, interest as of July 1, 1941.

Submitted on the pleadings, a stipulation, and full proofs, which established the facts without conflict, there were detailed findings[2] of fact and an ultimate finding of fact and conclusion of law, that the call for July 1, 1941, was duly authorized by resolution of the Board of Commissioners of Hillsborough County and noticed in precise accord with the call provisions of the bonds; that adequate funds for the pay-

[2] On May 23, 1941, the defendant, Hillsborough County, acting in behalf of the Road and Bridge Districts concerned, authorized the issuance of refunding bonds to be dated July 1, 1941, for the purpose of refunding a similar amount of outstanding bonds and accrued interest of the refunding bonds of July 1, 1938. On May 27, 1941, more than 60 days before July 1, 1941, the Board of County Commissioners, adopted a resolution authorizing the calling for redemption at par and accrued interest, of the 1938 refunding bonds, said bonds to be paid upon presentation to Manufacturers Trust Company, New York, and that all of said bonds not presented for payment on July 1, 1941, should cease to bear interest thereafter. The resolution providing for giving, and the giving of the notices, was in full compliance with the call provisions of the bonds. On June 12, 1941, the July 1, 1941, refunding bonds were offered for sale. On June 16, they were sold on a joint bid acceptable to the Board and their delivery was authorized upon payment of the amount bid. On June 28, the Board acting for the districts, deposited them with the Continental Bank, under a letter of instructions authorizing the bank to deliver the bonds to the purchasers upon payment of price and directing it out of the proceeds of the sale, to transmit sums named in the letter to the Manufacturers Trust Company, New York, the designated agent for redemption, with instructions to that bank that such proceeds were to be held as irrevocable trust funds and used solely for the payment of the 1938 refunding bonds previously called for redemption. Prior to July 1, 1941, validation proceedings were commenced in the circuit court of Hillsborough County. Objections filed by taxpayers were overruled and on June 20, decrees validating the bonds were entered.

Appeals were taken to the Supreme Court of Florida, where by an opinion and order dated July 23, 1941, State v. Northeast Tampa Special Road and Bridge Dist., 3 So.2d 481, the decrees were modified as to provide that the existing sinking funds of the districts be applied to the retirement of the outstanding indebtedness of the districts, and that refunding bonds be issued only to the amount of the indebtedness of the districts, remaining after their application and as modified, were affirmed, and supplemental decrees were entered, determining the amount of refunding bonds which could be validly issued.

Because of the pendency, undetermined in the Supreme Court, of the validation proceedings, the buyers of the 1941 refunding bonds did not accept delivery of and pay for said bonds on or before July 1, 1941. But, on July 1, the buyers, at the instance and on behalf of the county advanced to the Continental sufficient funds to take care of the call and upon their instruction, Continental, on July 1, having much more than that amount on deposit with Manufacturers, transmitted that amount to it by instructing it to charge its account with that sum for the payment of principal and interest to July 1, 1941, of the outstanding 1938 refunding bonds of said districts which had been called for redemption as of July 1.

On August 8, the Clerk of Hillsborough County advised the Continental Bank that the Supreme Court had upheld the validity of the refunding bonds and that the bonds should be delivered to the purchasers upon payment of purchase price. On August 12, the bond buyers paid Continental the full amount of the purchase price of the 1941 refunding bonds and took delivery thereof and on the same day, the Continental instructed Manufacturers to cancel its previous instructions as to payment of the 1938 refunding bonds and instructed it to charge as before the account of the bank with a named sum sufficient to cover principal and interest to July 1, 1941 on the 1938 refunding bonds and on that day Manufacturers Trust Company set aside said sum as an irrevocable trust fund for the payment of principal and accrued interest of such of said bonds as had not been presented.

On July 1, 1941, and subsequently, certain of the 1938 bonds were presented for payment. Manufacturers Trust Company, in making payment of all bonds presented on that day and bonds presented subsequently up to August 12, 1941, accompanied payment by written notice to the holders of said bonds who so presented them for payment, which in effect advised said holders that payment was not made from the proceeds of the sale

ment of principal and accrued interest were provided and set aside and were available at the designated paying agent for the purpose of such payment on July 1, 1941, and at all times thereafter; a judgment declaring that the call was valid and binding upon plaintiffs and intervenors, and that their bonds ceased, on and after July 1, 1941, to bear interest.

■ Here appellants insisting that the moneys placed with the designated paying agent on July 1, 1941, were not funds of the districts placed there by it for the redemption of the called bonds which might be tendered, but were funds of the Continental Bank placed there for their purchase, challenge the ultimate finding of fact and law as unsupported by the detailed findings on which they purport to rest. Appellees insist that the detailed findings fully and clearly support the ultimate findings, indeed admit of no others. We agree with appellees. The various steps taken by the county and its fiscal agents with the assistance of the banks, to comply with the call, in the exigencies created by the delay in securing validation of the bonds, all add up to but one thing, an arrangement for payment by the debtor in accordance with the call. We agree with appellants that where bonds contain a call provision the debtor, in order to take advantage of it to stop interest, must comply with the call, that, in short, the owners of bonds which have been called for payment have a right to payment in accordance with the call. We may also agree with them that a call for redemption may not be used to force upon an unwilling holder, a sale of his bonds, and that where funds are advanced by third parties to pay an instrument on its maturity, nothing else appearing, a presumption arises that the parties intend to purchase and not to pay the instrument. Cf. Carter v. Burr, 113 U.S. 737, 5 S.Ct. 713, 28 L.Ed. 1147; Ketchum v. Duncan, 96 U.S. 659, 24 L.Ed. 868; In re Lind-

---

of the July 1, 1941 refunding bonds but that the funds for payment had been advanced by the purchasers of said 1941 refunding bonds. All of the 1938 refunding bonds which were presented for payment through the trust company from July 1, and until August 12, were held uncancelled by the trust company for the account of Continental pursuant to the instructions of Welsh, Davis & Company, which were approved by the Clerk of the County Commissioners, and the further instruction of Continental, and said bonds were from time to time delivered to Continental. All bonds presented to Manufacturers after August 12th, were cancelled by the trust company and returned to Hillsborough County.

On August 12th, all bonds previously presented for payment to Manufacturers and sent by it to Continental were returned by Continental with directions to cancel payment and credit Continental Bank out of the trust fund which had been created on August 12, 1941 for their payment. After payment by the purchasers to Continental of the purchase price of the 1941 refunding bonds, Continental, instead of deducting from the purchase price, the amounts which had therefore been paid by Manufacturers on the 1938 bonds, transmitted the full amount to Manufacturers, and at the same time returned the 1938 refunding bonds which had previously been paid and sent to Continental with instruction that these be cancelled and Continental's account credited. This transaction was not intended to and did not constitute a double payment of those bonds but was merely a banking method of repaying Continental the amounts with which it had debited under the first instructions. The moneys advanced by Welsh, Davis & Company, and transmitted through Continental on July 1, 1941, for the payment on that date of the 1938 refunding bonds which had been called for redemption, were advanced for the purpose of enabling Hillsborough County to honor its call for redemption of the bonds and were intended to constitute payment of the bonds which were presented to Manufacturers.

Since the 1941 refunding bonds held by Continental for delivery to the purchasers, could only properly be issued for the purpose of paying existing indebtedness of the county and districts, those 1938 refunding bonds which had been paid by the Manufacturers prior to August 12th, were necessarily held uncancelled, pending the payment for and delivery of the new bonds. The method of handling the payment and ultimate cancellation of the 1938 bonds was a mere matter of mechanics and represented nothing but accomplishing the payment and redemption of these bonds. From all the circumstances it is clear that there was no intention on the part of the purchasers of the 1941 refunding bonds to purchase the 1938 refunding bonds which were presented to Manufacturers Trust for payment. Plaintiffs did not present their bonds for payment on July 1, 1941.

say-Strathmore Irrigation District, D.C., 25 F.Supp. 988; Anderson v. Pennsylvania Hotel Co., 5 Cir., 56 F.2d 980.

But we agree with appellees that the evidence overwhelmingly establishes that here no purchase was intended or effected but a redemption, with funds supplied at the instance and for the benefit of the debtor, and that the bondholders have no right to inquire into or question the methods employed by the debtor in getting hold of the money to pay them. It is sufficient if, as here, the money was obtained and made available. Certainly holders of bonds called for redemption have a right to insist that the call be complied with, and that moneys for the redemption be provided as agreed and if they are not provided, they have a right to insist that interest is still running. But it is mere quibbling to say under this record, that the county has not provided the funds. It is an effort to supervise, superintend and order the methods by which a public body which has called bonds for redemption, obtains funds for their payment. Holders of bonds called for redemption have no such right. Dallas County v. Lockhart, 128 Tex. 50, 96 S.W.2d 60; Ballard-Hassett Co. v. City of Des Moines, 207 Iowa 1351, 224 N.W. 793; State v. Cave, 193 La. 419, 190 So. 631; City of Frankfort v. Harrod, 283 Ky. 755, 143 S.W.2d 292.

The judgment was right. It is affirmed.