## Russell v. Fiscal Court of Boyd County et al.

(Decided June 24, 1938.)

DYSARD & DYSARD and WOODWARD, DAWSON & HOBSON for appellant.

CLAYTON SMOOT for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming in part and reversing in part.

This suit was instituted by Charles M. Russell, a taxpayer, against the Fiscal Court of Boyd County to test the validity of a proposed refunding of matured and maturing road and bridge bonds. The judgment held the contracts and bonds valid.

In 1915, citizens of the county voted in favor of the issuance of $500,000 of bonds for road and bridge purposes, and in 1926 an additional $600,000. A special tax levy of 20 cents was made to provide their sinking funds. Of these bonds $760,000 were outstanding on

December 31, 1937. Because of the extraordinary decreases in the property valuations for tax assessment and delinquencies in collections from 1927 to 1937, the county has not been able to pay some of these bonds recently matured, but there has been no actual default due to the co-operation of the banks of the county, which acquired the matured bonds and held them without presentation. It is made to appear that without refinancing, the county will not be able to pay these bonds nor those which will mature during the fiscal year beginning July 1, 1938, or interest on any of them. The principal of these bonds is $62,000 and the interest on all outstanding matured and early maturing bonds is $51,000. So it is proposed to issue $113,000 of refunding bonds. The outstanding bonds bear interest at the rates of $4\frac{1}{4}$, $4\frac{1}{2}$ and 5 percent. It appears that there will be due and payable on July 1, 1938, bonds of the principal sum of $29,000, and that during the fiscal year then beginning an additional $33,000 principal will mature. The $51,000 interest is divided also between that due July 1, 1938, and that which will become payable during the year. The bonds are not redeemable on call and their maturity must be awaited. Advertisements for bids for the purchase of these bonds have resulted in the execution of a contract by the city selling them for a slight premium.

An audit of the accounts of the county for the past 24 years is made a part of the record and detailed evidence is presented as to the status of the finances and causes of the failure to maintain the sinking fund. Mr. Seaton, one of the three bankers of the county who have been assisting the officers in straightening out the county's financial condition, described the situation and showed the necessity of refunding these bonds in order to save the county's credit. He testified that the present condition of the market for municipal bonds is better than ever before and the interest rate of 4 percent is not to be equaled. The evidence is that the sale of these bonds could not be so advantageously made unless those soon to mature are included, that is, if the issue is confined to bonds and interest now due. This seems to be because the county will not be able to pay the bonds and interest that will become due during the ensuing year as they respectively mature. It is the purpose to hold the proceeds of the bonds refunding those yet to become due in the sinking fund. It is proved

that though this may result in the county having to pay a relatively small amount of excess or duplicate interest, the sum of money it would otherwise be required to spend in case of default would be larger.

The Fiscal Court of a county has the right to renew road and bridge bonds as they mature. Fox v. Boyle County, 245 Ky. 27, 53 S. W. (2d) 192. Such bonds are but substitutes for the originals and have the same statutory characteristics as have the bonds to be retired. State Highway Commission v. King, 259 Ky. 414, 82 S. W. (2d) 443; Cook v. City of Louisville, 260 Ky. 474, 86 S. W. (2d) 157. But there is no authority in the county to issue renewal bonds before those to be renewed are payable or can be called and paid. The proposed plan for which the contracts have been made would result in increasing the principal debt by $33,000 beyond that voted by the people and paying interest on that sum concurrently with that to be paid on the outstanding bonds. It would result in borrowing a substantial sum of money with which to pay the interest coupons not yet due. Moreover, bonds may not be issued to fund an anticipated deficit. Coffman v. Central City, 267 Ky. 26, 101 S. W. (2d) 204, 205.

The court is of opinion that to the extent of this duplication the issuance of the bonds as of July 1, 1938, is not authorized and would not be valid. The issuance of bonds to renew those which have matured and interest that has become due and will become payable on July 1, 1938, is valid. Of course, it would follow that were the proposed refunding bonds issued as of the dates the other bonds respectively become due they would be valid, for in that event increasing the debt and duplicating the interest would be avoided.

Accordingly the judgment is affirmed in part and reversed in part as indicated.