190 So. 631

**STATE ex rel. MAESTRI, Mayor, v. CAVE,**
Com'r of Public Finance.

No. 35464.

July 10, 1939.

Rehearing Denied July 14, 1939.

Walter M. Barnett, Jr., of New Orleans, for appellant.

Francis P. Burns, City Atty., and William Boizelle, Asst. City Atty., both of New Orleans, for appellee.

ROGERS, Justice.

At a special meeting of the Commission Council of the City of New Orleans, held on June 23, 1939, Honorable Robert S. Maestri, Mayor of the City, introduced

Ordinance No. 14923, C. C. S., proposing the refunding of all paving certificates which will be outstanding after July 1, 1939, on a basis that will guarantee a reduction of at least one-third in the amount of interest to be paid by those property owners who had been unable heretofore to meet their obligations under the paving certificates, thereby assisting them to discharge those obligations which are now in default. No protest or opposition having been filed with the Commission Council, the ordinance was adopted on June 30, 1939, and being emergency legislation, as set forth in section 22, became immediately effective. Act No. 27 of the Fourth Extra Session of 1935 is relied on as the supporting authority for the adoption of the ordinance.

Among other things, Ordinance No. 14923, C. C. S., provides, in section 20, that the City of New Orleans shall enter into a contract for the underwriting of the refunding paving certificates—Issue of 1939, with Newman, Harris & Company, the terms of the contract being set forth in the ordinance. As soon as the ordinance became effective and as directed therein, Honorable Robert S. Maestri, Mayor of the City of New Orleans, proceeded to sign the proposed contract with Newman, Harris & Company. Honorable Jess S. Cave, Commissioner of Public Finance, declined to sign the contract and fulfill the other requirements of the ordinance, setting forth his reasons therefor in a letter addressed to the Mayor and Commission Council. Thereupon the Honorable Robert S. Maestri, as Mayor of the City of New Orleans, applied to the Civil District Court for a writ of mandamus to require Honorable Jess S. Cave, as Commissioner of Public Finance of the City of New Orleans, to perform his ministerial duty and sign the contract with Newman, Harris & Company, as directed by the provisions of the ordinance. In his return to the application for a writ of mandamus, the respondent, Honorable Jess S. Cave, set forth at length his reasons for declining to sign the contract.

The proceeding was heard by the Honorable H. C. Cage, presiding judge of the Civil District Court for the Parish of Orleans, who made the mandamus peremptory. The respondent, Honorable Jess S. Cave, has appealed from the judgment.

The trial judge, in ordering that the writ of mandamus be made peremptory, handed down his written reasons, which are to be found in the transcript. The trial judge, in his reasons, has so clearly stated and disposed of the issues that we have concluded to adopt them as our opinion in the case.

The reasons of the trial judge are in the following words and figures, to-wit:

"This is a proceeding by the Mayor of the City of New Orleans against Jess S. Cave, Commissioner of Public Finance of the City of New Orleans, for a writ of mandamus ordering him to execute a certain contract in accordance with the directions contained in Ordinance No. 14,923, C. C. S., approved June 30, 1939.

"The Ordinance authorizes the issuance of $3,686,020 Refunding Paving Certificates-Issue of 1939, hereinafter sometimes

referred to as the 'New Certificates,' in order to refund a similar amount of Refunding Paving Certificates, dated January 1, 1936, hereinafter sometimes referred to as the 'Old Certificates.' Section 20 of the Ordinance provides for a contract with a brokerage firm named Newman, Harris & Co., designed to secure a sale of the New Certificates on a certain basis therein specified if no better bid is received after advertisement for public tenders, and it is this contract which the defendant refuses to sign.

"The Old Certificates were issued pursuant to Section 47½ of the Charter of the City, as amended by Act 27 of the Fourth Extraordinary Session of 1935, and were authorized by Ordinance No. 14,372 C. C. S.

"Since the Old Certificates bear interest at the rate of 4½% per annum, and since the New Certificates, to the extent of $1,-350,000 will bear interest at a rate not to exceed 3¼% per annum, and to the extent of the remaining $2,336,020, at a rate not to exceed 2¾% per annum, and since no extension of maturities is involved, it is patent that the proposed refunding would effect a substantial saving.

"The defendant, in his return to the alternative writ of mandamus, sets forth various grounds on which the issuance of the New Certificates is claimed by him to be illegal. I shall proceed to state these grounds in order, together with my decision thereon.

"'1. There is no authority in law for the issuance of said Refunding Paving Certificates-Issue of 1939. It is a well accepted principle of law, repeatedly adhered to by the Supreme Court of Louisiana and the courts of other states and of the United States, that a municipality possesses only such powers as are expressly granted to it by the Constitution and laws of the State. The courts have been particularly strict in the application of this principle to the issuance of obligations of municipalities and have held that in the absence of express Constitutional or statutory provisions authorizing the issuance of the particular obligations of the municipality to be issued, a municipality is utterly without power to issue any such obligations. Section 47½ of the Charter of the City of New Orleans, as enacted by Act No. 27 of the Laws of the Legislature of the State of Louisiana, of the Fourth Extra Session of 1935, authorizes the issuance of Refunding Paving Certificates of the City of New Orleans only for the purpose of refunding the original Paving Certificates outstanding at the date of the passage of said act. Said original Paving Certificates were refunded by the issuance of the $7,854,080 Refunding Paving Certificates of the City of New Orleans, dated January 1, 1936, and, therefore, the City of New Orleans has exhausted the powers contained in said act. There is no other act and no Constitutional provision which can in any way be construed as authorizing the issuance of the Refunding Paving Certificates—Issue of 1939 authorized by the ordinance referred to above.'

"While the relator cannot point to any statute or constitutional provision express-

ly authorizing the New Certificates, it has been settled by the Supreme Court of Louisiana that the authorization to call and redeem an obligation necessarily includes authority to issue and sell refunding obligations for the purpose of raising the money necessary, so long as the refunding obligations can be issued and sold on a basis which involves a saving to the public. State v. Board of Liquidation of State Debt, 190 La. 520, 182 So. 661.

"As stated above, the Old Certificates were issued pursuant to Section 47½ of the Charter of the City of New Orleans, as amended by Act 27 of the Fourth Extra Session of 1935. Subdivision (d) granted specific authority to the Commission Council to provide in the Ordinance for the issuance of the Old Certificates that they could be made callable on any interest payment date upon due publication of notice and, following this permission, the Ordinance authorizing said Certificates (Ordinance No. 14,372, C. C. S.) specifically provided that the Certificates should be redeemable at their principal amount, plus accrued interest to the date of redemption.

"Since, as shown above, a substantial saving will be effected by the contemplated refunding, the facts in this matter are on all fours with the decision in State v. Board of Liquidation of State Debt, supra.

"'2. Even assuming that the provisions of said Section 47½ of the Charter of the City of New Orleans may be construed as authority for the issuance of said Refunding Paving Certificates-Issue of 1939, which is hereby specifically denied, nevertheless the said Refunding Paving Certificates-Issue of 1939 are illegal and invalid for the following reasons:

"'A. The $7,854,080 Refunding Paving Certificates, dated January 1, 1936, all mature January 1, 1951 and were redeemable at the option of the City of New Orleans on any interest payment date. All paving assessments and all funds pledged to the payment of said Refunding Paving Certificates by the ordinance authorizing the issuance thereof, were pledged equally and ratably to all of said certificates. The proposed Refunding Paving Certificates-Issue of 1939 are to be issued in two series, $1,350,000 thereof constituting Series A maturing serially, without option of redemption, $150,000 in each of the years 1940 to 1948, inclusive, and $2,336,020 constituting Series B, maturing in 1951 and being subject to redemption at the option of the City on any interest payment date. While the ordinance authorizing the issuance of said Refunding Paving Certificates-Issue of 1939 attempts to apply the paving assessments and other funds applicable thereto, equally and ratably to all of said $3,686,020 Refunding Paving Certificates-Issue of 1939, nevertheless the fact that the $1,350,000 Series A. thereof mature serially $150,000 in each of the years 1940 to 1948 does in effect constitute a preference to the holders of the Series A Certificates to the disadvantage of the holders of the Series B. Certificates, for which there is no authority in said Section 47½ of the Charter.'

"The Ordinance under which the New Certificates are to be issued expressly provides that all the New Certificates are to

be equally ·and ratably secured by the paving assessments and other funds applicable thereto. There is no inconsistency between this provision and the issuance of the New Certificates in more than one series, with one of the series maturing serially while the other has a fixed later maturity. It is everyday practice to issue serial obligations, all equally and ratably secured by the same lien, pledge or mortgage. Indeed,. the Old Certificates could, under Paragraph (c) of Section 47½ of the City Charter, have been issued in part with serial maturities and in part with fixed maturities, just as is proposed with respect to the New Certificates.

■ " 'B. The maturity date of the $7,-854,080 Refunding Paving Certificates dated January 1, 1936 is January 1, 1951, being fifteen years from their date, and it was provided in the ordinance authorizing said certificates, dated January 1, 1936, that the City of New Orleans should call and redeem at least $523,605.33 of said certificates on any interest payment date or dates on or before the first day of January, 1939, and not less than an additional like amount on any interest payment date or dates on or before January 1st of each succeeding year thereafter, which amount constitutes one-fifteenth of the total of said $7,854,080 certificates, as required by sub-section (c) of Section 47½ of the Charter of New Orleans. The ordinance authorizing the proposed Refunding Paving Certificates-Issue of 1939 provides that the Series A Certificates shall be dated July 1, 1939 and shall mature in numerical order on July 1st in each of the years 1940 to 1948, in-clusive, which constitutes less than ·the mandatory requirement of one-fifteenth, or $523,605.33 of the $7,854,080 Refunding Paving Certificates dated January 1, 1936 originally issued. The ordinance authorizing the issuance of the proposed Refunding Paving Certificates-Issue of 1939, Series B, provides that they shall be dated July 1, 1939 and shall mature on January 1, 1951, and that the City of New Orleans shall be obligated to redeem not less than $195,000 thereof on any interest payment date or dates on or before July 1, 1942, and a like amount on any interest payment date or dates on or before July 1st of each succeeding year. It follows, therefore, that there is no obligation on the City of New Orleans to redeem any of the Series B Certificates until July 1, 1942, and since only $150,000 of the Series A Certificates mature in each of the years July 1, 1940 and 1941, there is no requirement for the retirement of an aggregate of at least $523,-605.33 of both Series A and Series B Certificates. Furthermore, beginning with July 1, 1942 the aggregate amount of Series A and Series B Certificates required to be paid each year will be only $345,000, being the $150,000 Series A and the $195,000 Series B, which fails to equal the $523,-605.33 requirement.'

"The mandatory requirement with respect to the Old Certificates for redeeming at least one-fifteenth each year permitted the anticipation of the minimum amount to be redeemed so that if in any one year the City redeemed more than the minimum of one-fifteenth it could, if it so desired, apply the excess against the minimum re-

quirement for the following year. It is readily seen that the City has far exceeded the minimum requirement in that since January 1, 1936, the Old Certificates have already been reduced from $7,854,080 to $3,686,020. It might therefore, if it so desired, eliminate any retirement of Certificates for a period of several years until the excess over the minimum mandatory requirement had been eliminated.

"A comparison of the minimum requirements with respect to the Old Certificates and the minimum requirements with respect to the New Certificates (adding together for this purpose the serial maturities of the Series A New Certificates and the minimum redemption requirements of the Series B New Certificates) shows that the City is well within the mandatory requirements of the statute. This is readily seen from the fact that under the provisions with respect to the Old Certificates there would be left outstanding for payment on January 1, 1951 the sum of $1,-570,816.04, while under the provisions with respect to the New Certificates there will be left outstanding for payment on the same date only $581,020.00.

■ " 'C. The outstanding Refunding Paving Certificates dated January 1, 1936 are authorized to be called for redemption by said ordinance adopted June 30, 1939, on January 1, 1940. Said ordinance provides that the Refunding Paving Certificates-Issue of 1939, shall be dated July 1, 1939 and shall be delivered on or before November 29, 1939. It, therefore, follows that, subsequent to the delivery of the Refunding Paving Certificates-Issue of 1939,

the City of New Orleans will be paying double interest for the reason that it will be required to pay interest on the outstanding Refunding Paving Certificates, dated January 1, 1936, called for redemption on January 1, 1940, and on the Refunding Paving Certificates-Issue of 1939 delivered prior to January 1, 1940, and this payment of interest is illegal and wholly void.'

"The respondent is undoubtedly correct in the statement that during the short period between the issuance of the New Certificates and January 1, 1940, the redemption date of the Old Certificates, the City will be incurring a double interest charge, but I cannot see how this can, in any respect, make the issuance of the New Certificates illegal. It is frequent practice not to call obligations for retirement until the funds for the payment of the redemption price are actually in hand. It follows that it is a normal incident to a refunding operation that such a charge for double interest shall exist and any power to issue refunding obligations necessarily connotes the power to incur this liability for double interest. Such double interest is merely one of the incidental costs of the refunding operation, which is negligible in comparison with the substantial saving in interest over the entire life of the refunding issue.

■ " 'D. The delivery of the Refunding Paving Certificates-Issue of 1939 on or prior to November 29, 1939, being prior to January 1, 1940, the redemption date of the outstanding Refunding Paving Certificates dated January 1, 1936, will result in there being outstanding on the date of

delivery of said Refunding Paving Certificates-Issue of 1939 a total of $7,372,040 of certificates, being the Refunding Paving Certificates-Issue of 1939 and the Refunding Paving Certificates dated January 1, 1936, and this will constitute an indebtedness of the City of New Orleans in excess of any and all Constitutional and statutory provisions.'

"The Old Certificates will, under the terms of the Ordinance, be called for redemption simultaneously with the sale and delivery of the New Certificates, and therefore while both sets of Certificates will be outstanding until January 1, 1940, the liability with respect to the Old Certificates will be offset by the cash for paying the redemption price received as the proceeds of the sale of the New Certificates. In Tonry v. Board of Levee Commissioners for the Orleans Levee District, 186 La. 159, 171 So. 836, the Court held, following the general rule elsewhere, that there is no increase of indebtedness within the meaning of constitutional or statutory limitations by the refunding of an existing indebtedness. As hereinabove pointed out, it is frequent practice based upon sound reasons of policy not to call an issue until the funds for the actual payment of the redemption price have been obtained. This necessarily involves a period up to the redemption date in which both the old securities and the refunding securities are outstanding, and this cannot be regarded as an increase in the total indebtedness. See Hagan v. Commissioners Court, 160 Ala. 544, 49 So. 417, 37 L.R.A.,N.S., 1027, at page 1099, et seq.

■ " 'E. The dating of the Refunding Paving Certificates-Issue of 1939 as of July 1, 1939, whereas the outstanding Refunding Paving Certificates are dated January 1, 1936, is illegal and wholly void.'

"The power to issue Refunding Certificates discussed above necessarily implies the power to give them a date in the year in which they are issued, following the usual practice.

■ " 'F. The ordinance authorizing the issuance of the Refunding Paving Certificates-Issue of 1939 provides that the bidders may name a rate or rates of interest for the Series A Certificates and a rate or rates of interest for the Series B Certificates. There is no authority for such split interest rates.

" 'G. The requirement in the ordinance authorizing the Refunding Paving Certificates-Issue of 1939, that the bidders shall name the rate of interest in the bids to be received at the public sale is illegal and void.

" 'H. The provisions in Section 10 of the ordinance authorizing the Refunding Paving Certificates-Issue of 1939 that each bidder at the public sale shall bid for either Series A or Series B, or for all or none of the entire $3,686,020 certificates and permitting the Commission Council, in its discretion, to accept the best bid for Series A and the best bid for Series B, or the best bid for all or none of the entire $3,686,020 certificates is illegal and void.'

"A public body is expected to sell its securities on the most advantageous terms possible and, except to the extent that any

statutory or constitutional provision otherwise provides, is at liberty to adopt such reasonable measures as it deems best suited to that end. Whether or not permission to bidders to name different rates of interest for the different proposed new series will lead to a more advantageous sale is a question of judgment to be determined by the Commission Council of the City of New Orleans as the governing body of the City, and as long as there is no statutory prohibition the court has no function to pass on the wisdom of such action.

"Similarly, it is a question for the discretion of the Commission Council whether it should fix the rates of interest to be borne by the New Certificates and accept the bid carrying the highest premium, or whether, on the other hand, it should permit the bidders to name the rate of interest. Both methods of procedure are followed in practice, and it is therefore a question solely for the discretion of the Commission Council as to which one it should use in this particular case.

"Similarly, the provision governing the acceptance of bids on an "all or none" basis is within the discretion of the Commission Council, with which the Court would have no right to interfere.

■ " 'I. The calling of the outstanding Refunding Paving Certificates, dated January 1, 1936, by the proceeds of the proposed Refunding Paving Certificates-Issue of 1939 constitutes an impairment of the obligation of the contract between the City of New Orleans and the holders of the said outstanding Refunding Paving Certificates, dated January 1, 1936, for the

reason that it is contemplated by the provisions of Section 47½ of the Charter of the City of New Orleans and the ·ordinance authorizing the issuance of said outstanding Refunding Paving Certificates, dated January 1, 1936, that they shall be called for redemption and paid only with the proceeds of the paving assessments and other funds pledged by said ordinance to the payment thereof.'

"It is too well-settled to require the citation of authorities that the holder of a callable bond can ask only that, when his bond is called, he receive the proper notice provided for with respect to redemption, and has no interest as to the source from which the redemption money may be obtained. By accepting a bond with a call feature he necessarily agrees to the exercise of that feature from any funds which the maker may have available for that purpose. The only exception would be where there was a contract provision limiting the source of the funds for redemption, and no such feature is present here.

■ " 'J. The pledge of the paving assessments, previously pledged by the payment of the original Paving Certificates, to the payment of the proposed Refunding Paving Certificates-Issue of 1939, is illegal and void since Section 47½ of the Charter of the City of New Orleans provides that they shall be pledged only to the outstanding Refunding Paving Certificates dated January 1, 1936.

" 'K. The pledge of the $150,000 to be annually budgeted by the City of New Orleans, and of the additional amounts contained in said ordinance, to the payment

of said Refunding Paving Certificates-Issue of 1939 is illegal and void since Section 47½ of the Charter of the City of New Orleans provides that such amounts shall be pledged only to the outstanding Refunding Paving Certificates dated January 1, 1936.'

"Since, as pointed out above, the issuance of the New Certificates does not involve the creation of a new indebtedness, it follows that the holders of the New Certificates will be vested with all the security of the holders of the Old Certificates. Tonry v. Board of Levee Commissioners for Orleans Levee District, supra.

" 'L. The proposed Refunding Paving Certificates-Issue of 1939, and all of the provisions with respect to the issuance thereof, and the payment of the principal and interest thereof, constitute irreparable injury to the taxpayers of the City of New Orleans.'

"This objection is a mere conclusion without any statement of facts to support it. As heretofore pointed out, the refunding of the Old Certificates will result in a substantial saving in costs, which is not only not to the injury of the taxpayers but necessarily to their benefit.

" 'M. There is no provision of law authorizing the acceptance of the proposed Refunding Paving Certificates-Issue of 1939 for deposit with the Treasurer of the State of Louisiana, in accordance with the provisions of Act No. 71 of the General Assembly of the State of Louisiana, Session of 1904, and, therefore, the statement to that effect in the form of said

certificates set out in Section 3 of said ordinance is illegal and void and makes said proposed Refunding Paving Certificates illegal and void.'

"This is answered by what is said hereinabove with respect to J and K.

" 'N. The fact that the Refunding Paving Certificates-Issue of 1939, Series B are dated July 1, 1939, but mature January 1, 1951, and the fact that the amounts redeemable are calculated by Section 15 of said ordinance on an annual basis ending on July 1st of each year is illegal and void and violates the provisions of Section 47½ of the Charter of the City of New Orleans.'

"I cannot see where the date which the New Certificates bear can have any relationship to the operation of the provisions for retirement.

" 'O. The provisions of the ordinance naming the American Bank and Trust Company as the Paying Agent of the proposed Refunding Paving Certificates in New Orleans, and the Manufacturers Trust Company in the City of New York as the Paying Agent thereof in the City of New York is illegal and void since said Paying Agents are not the same as the Paying Agents for the outstanding Refunding Paving Certificates dated January 1, 1936.'

"The designation of Paying Agents is one within the discretion of the Commission Council. It could have changed at any time the Paying Agents with respect to the Old Certificates and, consequently, there can be no objection to naming dif-

ferent Paying Agents with respect to the New Certificates.

 " 'P. The provisions in the ordinance authorizing the issuance of the Refunding Paving Certificates-Issue of 1939 for the change of depository or depositories by ordinance from time to time is illegal and void for the reason that said depositories were previously fixed in connection with the issuance of the outstanding Refunding Paving Certificates dated January 1, 1936.'

"So far as the City is concerned, it is free to name the depositories for its sinking funds. The depositories with respect to the Old Certificates have no function as soon as the Old Certificates are redeemed, and therefore the City can name such depositories with respect to the New Certificates as it deems appropriate.

 · " 'Q. The provisions of Section 10 of the ordinance permitting Newman, Harris & Co. to specify the date of the sale of the Refunding Paving Certificates-Issue of 1939 constitute an .unlawful delegation of the legislative and administrative powers of the City of New Orleans and is illegal and wholly void.'

"Under the contract Newman, Harris & Co. are given the right to name the date on which the sale of the New Certificates will be held, but three weeks' notice in advance is required, and the date in any event cannot be later than November 15, 1939. Hence, there is no wide latitude of choice given to Newman, Harris & Co., and I, accordingly, believe that this provision is within the reasonable discretion of the Commission Council.

 " 'R. The provisions contained in Section 22 of the ordinance making it effective immediately are illegal and void for the reason that there exists no emergency whatsoever for the issuance of said Refunding Paving Certificates-Issue of 1939, and the issuance thereof is not necessary for the immediate preservation of the public peace, health and safety of the City of New Orleans. The outstanding Refunding Paving Certificates, dated January 1, 1936, cannot be called for redemption, in any case, until January 1, 1940 and the existence of an emergency is thus a mere fiction on the part of the Commission Council.'

"Section 35 of the City Charter [Act No. 159 of 1912] provides that no ordinance, with certain exceptions not material here, shall go into effect before ten days after the time it is finally passed 'except an ordinance for the immediate preservation of the public peace, health or safety, which contains a statement of its urgency and is passed by a majority vote of the Council.' Section 22 of this. Ordinance states that there is an urgent necessity for taking advantage of the current available interest rates for municipal obligations, and that this constitutes an emergency so that the Ordinance shall take effect immediately. While the court is not bound by the determination of the Commission Council that an emergency exists, nevertheless great weight will be attached by the court to such determination, and the court should set it aside only when it finds manifest abuse on the part of the Commission Council. From the record in this case I cannot find such abuse.

"'3. Each and all of the provisions of the offer of Newman, Harris & Co. are illegal and void for the reason that the courts of this State have held that any payment to purchasers of municipal obligations by way of commissions, agency fees or otherwise, constitutes an illegal preference and is wholly void. The ordinance authorizing the issuance of said Refunding Paving Certificates-Issue of 1939 specifically provides that they shall be sold at public sale and, therefore, there is no necessity and no legal right for the City to pay any commission or agency fee whatsoever to any person, firm or corporation in connection with the issuance of such certificates. Furthermore, the provision in said offer that the date of the public sale shall be specified by Newman, Harris & Co. in writing to the Commissioner of Public Finance constitutes an unlawful delegation of the legislative and administrative powers of the City of New Orleans to a private firm.'

"There can, of course, be no preference to any bidder at a public sale, but any danger of a preference is removed by the express provision in the agreement with Newman, Harris & Co. that it cannot be a bidder at the sale. In no other respect can the payment of the consideration agreed to be paid said Newman, Harris & Co. be attacked. That is a matter within the discretion of the Commission Council. As a result of the agreement, the City will be guaranteed a certain minimum price for the New Certificates and thus be guaranteed a substantial saving with respect to the Old Certificates, and the payment of the consideration for this guaranty

is a matter solely within the province of the Commission Council.

"'4. Said ordinance has been adopted without first obtaining the consent and approval of the State Bond and Tax Board, as required by Section 5 of Act No. 6 of the Second Extraordinary Session of the Legislature of Louisiana of 1935.'

"In my opinion, this point is completely answered by the decision of the Supreme Court in Ozenne v. Board of Commissioners, 183 La. 465, 164 So. 247. Act No. 6 of the Second Extra Session of 1935 is very sweeping in its terms and, apparently, applies to a situation such as this where refunding obligations are being issued even though no new debt is being incurred. Hence, the consent and approval of the State Bond and Tax Board will be requisite before the New Certificates can be issued. However, there is nothing in the statute which requires this consent and approval prior to the passage of the ordinance authorizing the New Certificates.

"For these reasons there will be judgment for the relator making the alternative writ of mandamus peremptory.
"(Signed) H. C. Cage, Judge."

In accordance with his reasons, the trial judge ordered that the alternative writ of mandamus herein issued be made peremptory and that there be judgment in favor of Honorable Robert S. Maestri, Mayor of the City of New Orleans, the relator, and against the Honorable Jess S. Cave, Commissioner of Public Finance of said City, the respondent, commanding the respond-

ent, with the Mayor, to execute and sign, as directed, authorized and empowered by Ordinance No. 14,923, C. C. S., approved June 30, 1939, the contract dated June 22, 1939, tendered to the City of New Orleans by the firm of Newman, Harris & Co.

For the reasons assigned, the judgment appealed from is affirmed.

LAND, J., absent.