# First & Peoples Bank of Russell et al. v. City of Russell.

Oct. 6, 1939.

Harvey Parker, Jr., Judge.

Charles M. Russell for appellants.

Dysard & Dysard for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The City of Russell, a fourth class city, in the year 1929, being the owner of a waterworks plant, by ordinance dated April 1, 1929, issued $100,000 in City of Russell waterworks bonds. Of these bonds $85,000 were subsequently sold, and at the time of the filing of this action there were $61,000 of these bonds outstanding. By the provisions of the ordinance and the terms of the bonds the revenues from the waterworks plant were pledged for the payment thereof.

In the year 1938 the City of Russell determined to issue and sell waterworks bonds for the purpose of making improvements, repairs, extensions and additions to the waterworks. Accordingly, an ordinance was passed authorizing the issue of $18,000 in waterworks bonds for this purpose and, by the ordinance, a fixed proportion of the revenues of the water plant are pledged for the payment of the bonds, and it is provided that a statutory mortgage lien on the plant is granted to and in favor of the holders of the bonds to secure payment thereof.

It has been found by the city that it is unable to retire the bonds of the previous bond issue as they fall due. Consequently, at the time of the passage of the

ordinance above mentioned providing for the $18,000 in bonds another ordinance was passed, amendatory of the first ordinance, providing for the issue of $28,000 in waterworks bonds for the purpose of retiring the bonds of the previous issue as they fall due. By the terms of this ordinance it was provided that the last mentioned bonds should not be sold unless and until it becomes certain there is a deficit, and, as such deficits occur from time to time, a sufficient portion of the bonds shall be sold to pay the deficits, and that they should be sold only so as to commence to bear interest simultaneously with the end of the obligation to pay interest under the bonds which they are to pay. The purpose of this provision was to meet the objection this court pointed out in the case of Russell v. Fiscal Court of Boyd County et al., 274 Ky. 377, 118 S. W. (2d) 757, in which it was held that a county could not issue bonds to fund an anticipated deficit. In that case it was held, however, that the county could issue bonds to renew those which had actually matured. The court pointed out that the issuance of bonds to pay an anticipated deficit by reason of previous bonds would result in increasing the principal debt and paying interest on the increase concurrently with that to be paid on the outstanding bonds. It was also pointed out that were the proposed refunding bonds issued as of the dates the other bonds respectively came due, they would be valid, for in that event increasing the debt and duplicating the interest would be avoided. It thus appears that the objections pointed out in that case are adequately met and answered by the present ordinance, since the bonds to be issued are only to bear interest from the time they are used to fund the maturing bonds of the previous issue, and that they are not to be sold until and as the deficits occur.

However, we encounter a more serious objection and a question not raised by the briefs, and that is, it appears to us that the rights of the holders of the $61,000 in bonds outstanding might be seriously affected by the issuing of both the $18,000 and the $28,000 in bonds contemplated by the ordinances here in question. By the terms of the ordinance under which the $85,000 in bonds were sold, the revenues of the waterworks plant were pledged for the payment thereof and now, by the present ordinance, the same revenues are pledged to secure the payment of the additional bonds to be issued. In fact, it is provided by the ordinance

that as, by the terms of the previous ordinance, the revenues from the plant are pledged for the payment of the original bonds, that provision of the ordinance shall be performed together with the provision in this ordinance pledging the revenues so as to preserve the rights of the holders of the prior bonds, and that the holders of the prior bonds and the holders of the present bonds shall have *equal rights* in the fund from the revenues of the plant created for payment. It is therefore readily seen that the issue of the bonds contemplated at the present time affects the rights of the prior bondholders.

This action was filed under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq. That Act provides that the court may refuse to exercise the power to declare rights in any case where a decision would not terminate the controversy which gave rise to the Act, and also that when declaratory relief is sought, all persons who have any interest which will be affected by the declaration shall be made parties. Ezzell v. Exall, 207 Ky. 615, 269 S. W. 752. In Ex parte Hirsch's Committee, 245 Ky. 132, 53 S. W. (2d) 211, this court declined to adjudge rights due to the absence of parties necessary to a final adjudication of rights.

As the rights of these prior bondholders might be affected by a decision of this controversy, we decline to pass on the validity of these bonds until the prior bondholders are made parties, at least by adequate representation.

Judgment reversed for further proceedings consistent with this opinion.