## Hale et al. v. Fiscal Court of Fulton County et al.

June 21, 1940.

L. L. Hindman, Judge.

W. B. Amberg for appellant Hale.

W. V. Eaton for appellant Keiler.

H. H. Lovett and Wood Tipton for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is the second appeal of this case, and our former opinion setting forth the facts is reported in 282 Ky. 475, 138 S. W. (2d) 937.

The object of the litigation was to determine the validity of an issue of $258,000 par value 4% Road and Bridge Refunding Bonds authorized for the purpose of retiring a like principal amount of Road and Bridge Bonds bearing 5% interest per annum.

The judgment first appealed from did not in the opinion of this Court, make sufficiently clear that the 4% Bonds would be issued in lieu of, and only upon the cancellation of an identical amount of the original 5% Bonds. We were further of the opinion that in order that there might be adequate defense representation, an

objecting bondholder and resident taxpayer should be made a party defendant to the proceedings.

In concluding our former opinion we said that the judgment appealed from correctly defined the rights of the parties and, "if the same status exists and prevails after adequate defense representation is manifested, we agree with the chancellor that the proposed issue of bonds constitutes a valid obligation of Fulton county." [282 Ky. 475, 138 S. W. (2d) 940.]

On the return of the case the appellees filed an amended and supplemental petition curing the omissions referred to, and the judgment thereafter entered specifically provided:

"Simultaneously with the execution and delivery of any bonds as provided for herein, there shall be taken up and cancelled a like principal amount of the bonds refunded, together with all accumulated interest on such bonds thereby refunded, as well as all unmatured coupons thereto attached. No bonds herein authorized shall be issued until a like principal amount of the 5% Road and Bridge Bonds herein referred to have been tendered in exchange for a like principal amount of the bonds herein authorized. This judgment shall not be construed as authority for increasing the principal amount of the Road and Bridge bond indebtedness, or any other indebtedness, of Fulton County, Kentucky, but shall be construed as authority for converting the present outstanding road and bridge bonded indebtedness of said county herein above referred to into refunding bonds."

Accordingly the judgment is affirmed.