## Holt et al. v. City of Covington.

May 23, 1941.

William J. Dupree for appellant.

Stanley Chrisman, City Solicitor, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Pursuant to an ordinance of 1912 the city of Covington issued $2.0,000 of four percent unlimited water works refunding bonds to refund the balance of a $400,000 issue of 1880. The bonds matured August 1, 1952, but it was provided in the ordinance that "at any time after July 31, 1942 that the city of Covington deemed it desirable or advantageous to redeem or pay the bonds herein authorized, it shall so declare by appropriate action of the General Council, or otherwise." The bonds provided that "The city of Covington may on or after August 1, 1942, redeem said bonds * * *". No sinking fund was provided for the retirement of the bonds until the year 1940 and none of them were paid.

In September, 1940 an ordinance was enacted calling the bonds for payment as of August 1, 1942, and the city clerk was directed to publish notice of the call.

In order to provide for the refunding of the 1912 issue a further ordinance was enacted providing for the issuance of $280,000 of unlimited water works bonds to be dated March 1, 1941, bearing interest at a rate not to exceed three percent per annum, the interest payable September 1, 1941, and semi-annually thereafter. There was a provision in the ordinance reciting that in order to eliminate the necessity of the city paying interest from March 1, 1941, to August 1, 1942, both on these bonds and the bonds to be refunded each bidder should be. required to include in his bid a sum in addition to the purchase price (plus accrued interest and premium, if any) equal to the amount of interest payable on the bonds at the rate of interest contained in his bid for the period March 1, 1941—August 1, 1942, which sum was to be placed in a sinking fund and used for payment of the interest coupons falling due on August 1, '41, Feb. 1, '41, Feb. 1, '42 and August 1, '42 respectively.

This action was filed by the city under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a-1 et seq., against a taxpayer and a bondholder as representatives of the taxpayers and bondholders, setting out in substance the above facts and alleging that no funds were available for the redemption of the 1912 issue and that it was necessary to sell the proposed refunding bonds to pay off the old issue. The judgment declared that 1) the proposed issue of bonds was valid and the city had power to issue and sell them now and place the proceeds of sale in its depository for the purpose of refunding the 1912 issue and 2) the city had the right at this time to call the 1912 issue for payment as of August 1, 1942, as provided in the ordinance. This appeal is from that judgment.

Practically the only question raised by the appellants is that although the city has the right after August 1, 1942, to call the 1912 issue for payment, it has no right in advance of the latter date to provide for the sale of refunding bonds to retire the 1912 issue—that such action could be taken only after August 1, 1942, the date provided in the 1912 ordinance for the call of the bonds. We think this position is untenable. The bonds are subject to call as of August 1, 1942, and it is no concern of the bond holders that the call is made in advance to secure the funds to retire their bonds. If this contention were sound, the city would have no right to make arrangements for the payment of a bond issue until after it becomes due. We held in Cook v. City of Louisville, 260 Ky. 474, 86 S. W. (2d) 157, that the city could arrange in advance for funds to retire existing bonds.

We do find, however, an insurmountable objection to the proposed arrangement, that objection being that the plan adopted necessarily results in a duplication of interest on the city's indebtedness. We have held that there is no authority for the issuance of renewal bonds before those to be renewed are payable, or can be called and paid, since such a course results in a duplication of interest. Russell v. Fiscal Court of Boyd County, 274 Ky. 377, 118 S. W. (2d) 757. While it is true that the ordinance in question provides that the bonds shall be sold at a premium sufficient to pay interest on them from their date to August 1, 1942, the date when interest on the old issue ceases pursuant to call, nevertheless it

is a self-evident fact that since the City, as soon as the new bonds are sold, will have the proceeds of sale in bank it is paying interest on such proceeds—it is not to be imagined that any bidder is permitting the city to hold his money without paying interest on it. The amount to be added by each bidder to his bid to defray this interest charge would be added regardless of the purpose for which the added amount was to be used—it is immaterial to the bidder for what purpose the city uses the added sum. Such amount added by the bidder is reflected, of course, in the interest rate on the bonds which are to bear interest at a rate not exceeding three percent. Were the bidder not required to add this sum to his bid, he could, and no doubt would, take the bonds at par at a lower interest rate. We cannot escape the conclusion that when bonds are issued to redeem other bonds in advance of the maturity of the issue to be redeemed and bear interest from a date in advance of such maturity, there is necessarily and inevitably a duplication of interest.

In City of Frankfort v. Harrod, 283 Ky. 755, 143 S. W. (2d) 292, we approved a proposed issue of the year 1940 to redeem an existing issue maturing Jan. 1, 1941, where the proposed issue was to bear interest only from the latter date. It was there intimated that if the new bonds were sold before the maturity of the outstanding bonds there would be no duplication of either principal or interest. In view of the conclusions enunciated above, it is apparent that the decision was unsound to the extent of the inference indulged that there was no duplication of interest if the bonds were sold and paid for prior to January 1, 1941, and to that extent it is accordingly overruled. When under pressure of convenience departure is made from sound legal principles to uphold a financing plan, it is inevitable that an attempt will be made through the application of similar pressure to extend the departure a step further. The new step approved, a further one is attempted. A repetition of the process extends the original departure to a danger point never contemplated or imagined when the departure was made. Our judicial history is replete with illustrations of the process. The present plan is an attempt to take a step further than the plan approved in the Frankfort case. The necessity of calling a halt is apparent.

We do not hold that a sale or bonds to refund another issue may not be held a reasonable time in advance of the maturity of the issue to be refunded. On the contrary this may be done provided the proposed issue bears interest from a date not earlier than the maturity of the issue to be refunded and provided the purchase price is payable on such maturity. Or the sale may be made and the purchase price paid in advance of maturity of the old issue provided the depository of funds realized from the sale contracts to pay interest on the deposit equal to the interest accruing on the bonds prior to the date of retirement of the old issue.

Rather persuasive evidence was introduced showing the probability that interest rates are likely to increase on account of the apprehended great demand for money as a result of the government armament program and consequent vast borrowing of money by government and industry. This is urged as a potent reason for approval of the proposed plan by which the City apparently would save $2,800 per year by reason of the fact that the new bonds would bear interest not exceeding three percent while the old bonds were a four percent issue. Similar proof and like argument have appeared in many cases before us in the past, followed by the issuance of bonds floated at a rate of interest higher than the now prevalent rate. The governing authorities of the cities in those cases were firmly convinced that the welfare of their cities demanded an immediate and prompt approval of their plan. It turned out that such was not the case and it may so develop here. It is plainly our duty to adhere to sound legal principles and permit the speculative feature to take care of itself. The plan proposed clearly contemplates the payment of double interest in violation of sound business practice and in opposition to principles declared by this court.

Judgment reversed with directions to enter a judgment in conformity with this opinion.

The whole court sitting.