## Renaker v. Thompson et al.

June 13, 1941.

Elliott Netherton for appellant.

Thomas F. Manby for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellant as treasurer for Oldham County is custodian of the "live stock fund," created for the payment of claims for stock killed or injured by dogs, the fund being sustained by an annual tax on the latter for the purpose. Appellees at the time of suit, holding a warrant for $253.30, drawn against the fund, were demanding payment and threatening to sue. Appellant filed her petition in compliance with Section 639a-1 et seq., Code, asking a declaration of rights.

This pleading admitted that the claim on which the warrant was based was properly presented to a justice

of the peace, appraisers appointed, who in due time made their appraisement of damages to appellees' stock, and the report was returned to and certified by the county clerk to the custodian for payment on June 3, 1931.

The custodian had sufficient funds to pay this warrant but there were other warrants outstanding in the same condition, that is, having been certified by the county clerk, and the holders of such were demanding payment. It is admitted that all such claims are just, but appellant refused to pay because in one respect they did not conform to applicable existing laws.

The contention is that while prior to 1930 the requirements and procedure were otherwise practically the same as later, the law then provided that the county clerk, upon report of appraisers, certified by the judge or justice, should issue a warrant directed to the treasurer for payment. However, since the amendment of the 1918 Act, by Chapter 1, Acts of 1930, Sections 68b-1 et seq., Kentucky Statutes, the sheriff is charged with the duty theretofore imposed upon the clerk. On this pleading the parties asked the court to declare:

(2) Whether or not said warrants are valid as now drawn and should be paid by plaintiff from the live stock fund.

(b) If the court should hold the warrants invalid in their present state, may they now be validated by being presented to the present sheriff?

(c) If the present sheriff may not legally validate these warrants, declare in what way, by what methods and under the provisions of what laws, those of 1930 or those of 1940 said claims may be validated.

(d) If the court should declare that the present sheriff may validate the claims, then to declare whether said claims when so validated should be paid in the order in which they were issued in 1931, and thereafter, or be paid after warrants now existing which have been validly signed by the sheriff.

We gather from the briefs that for the ten years prior to the present custodian's induction into office, it had been the practice to present the report to the county clerk, whereupon that officer would file the reports and issue warrant. When the present custodian came in her attention was called to the substitution of the word "sheriff" for "county clerk," in the 1930 Act.

The chancellor upon submission went no further than to adjudge that the holders of warrant No. 378 had a valid and legal claim against the fund, and "it appearing that there is sufficient money with which to pay said claim, and plaintiff would have paid same except for the fact that the warrant was not signed by the sheriff then in office," the present sheriff was directed to sign the warrant, "and when same is presented to the plaintiff she is directed to pay same."

It will be noted that the chancellor by his judgment answered queries (a) and (b), thereby obviating the necessity of a declaration on (c). He did not answer so much of (d) as sought advice as to whether or not warrants in the same condition as that of appellees would or would not have preference over such as have been later issued and duly signed by the sheriff. No such controversy was set up in the pleading, and besides the holders, or any one of a class of holders of such properly signed warrants, were not before the court. Section 639a-9, Civil Code; First & P. Bank of Russell v. City of Russell, 279 Ky. 849, 132 S. W. (2d) 304.

As we view both the Acts of 1918 and 1930, it is clear that the duty of the clerk in the former, and the sheriff in the latter, particularly as to issuing the warrant, is of ministerial character; neither, in this respect, performed any judicial or exercised such function. The warrant was merely an evidence that the claimant was entitled to collect on his adjudicated claim. Neither the clerk nor sheriff could question the justness of the claim, but was charged with the simple duty imposed by the statute, that is, to issue the requisition.

A specific duty to be performed by a public officer, arising upon stated existing facts, is ministerial, and even though necessity may arise or exist for ascertainment of those facts, such does not operate to convert the act into one judicial in character. 22 R. C. L. 392; Brummal v. Jackson, 145 Ky. 630, 140 S. W. 1016; Cochran v. Beckham, Gov., Ky., 89 S. W. 262.

There is an absence from the Statutes, original or as amended, of any provision which undertakes to fix the time when warrants against this fund must be presented for payment, or for that matter, when the report which is delivered by the investigating officer must be presented to the warrant issuing officer, though it may be

assumed both acts are speedily performed so as to establish priority. Nichols v. Logan, 184 Ky. 711, 213 S. W. 181.

In the case of Sweeney v. Com., 118 Ky. 912, 82 S. W. 639, where the court had directed the disbursing officer to recognize and pay warrants, admittedly issued and approved by officers who were acting without apparent authority, but in unquestioned good faith, we held the officer not to be liable. In that case there was apparently no effort to have the officers, who then had authority to issue new warrants or as the term is used by the parties here, to "validate."

In mentioning the Sweeney case, supra, we do not mean to say or hold that an officer in disbursing public funds, in all cases where the statute prescribes necessary steps to be taken or acts to be performed, should not act in strict accordance with the law, and no doubt the chancellor was of that opinion in directing that the sheriff lend his signature to the warrants.

We see no reason why the present sheriff should not lend his approval to the warrant in question, and others which are found in the same condition as that of Thompsons, to have the effect as if properly signed when issued. Here there was a mutual mistake. There is no hint at fraud. All parties were mistaken in 1931, and since, until attention was called to the change in the Statutes. On a suit to reform the instrument upon the grounds of mutual mistake there could be little doubt of the outcome. In the case of Struve v. Lebus, 281 Ky. 407, 136 S. W. (2d) 554, 556, in referring to a technical omission by a public officer, we said:

"Plaintiffs are not responsible for the clerk's failure to carry out the orders of the court, and the failure of the clerk to so write the word 'void' on the record does not invalidate the judgment of the court which settles and fixes the rights of the parties. The writing of the word 'void' by the clerk as directed by the judgment is a mere clerical or ministerial act and may yet be done at any time." See Burton v. American B. & T. Co., 182 Ky. 637, 206 S. W. 884.

We are of the opinion that the court, to the extent manifested, declared the rights and duties of the parties.

Judgment affirmed.