# W. C. Thornburgh Co. et al. v. Fiscal Court of Trigg County et al.

March 9, 1945.

Alfred Holman for appellants.

H. H. Lovett and W. H. Hooks for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This is a suit to obtain validation of bonds to be issued by Trigg County.

In 1928, Trigg County issued 5% bonds to the amount of $50,000 to fund its floating debt. Maturity began serially in 1933. The County paid the interest out of its general fund until 1933. Since then both principal and interest have been in default. A bondholder obtained judgment in the United States District Court against the County for an aggregate of $20,702.75, and that judgment has been bearing 6% interest. Interest on the bonds has also been accumulating annually. The total amount due and payable on September 1, 1944, was $89,510. A contract was made by the County and the appellants, The W. C. Thornburgh Company and Charles A. Hinsch & Company, dealers in bonds, who owned and represented the owners of $45,000, principal of the bonds (95 per cent), in which it was agreed that they would accept $80,000, refunding bonds, bearing 3½%, in satisfaction of that proportionate part of the total of $89,510, provided the bonds were authorized by a vote of the citizens and validated by the courts. KRS

66.210. It was further conditioned that the liquidation of the bonds should be by a special tax, additional to the regular 50-cent levy. In accordance with the provisions of KRS 66.090, a referendum was had at the regular November, 1944, election on the question, which was thus presented on the ballots:

"Shall the Fiscal Court of Trigg County, Kentucky, issue $80,000 refunding bonds for the purpose of refunding an indebtedness of said County amounting to approximately $90,000 represented by 5% funding bonds dated September 1st, 1928, and accumulated interest thereon?"

The result was that 845 voted in favor of the bonds and 197 voted against them. This obviously is much more than the assent of two-thirds of the voters, as stipulated in Section 157 of the Constitution for the incurrence of an indebtedness in excess of the income and revenue provided for the year. The Fiscal Court entered appropriate orders for the issuance of the bonds and the levy of whatever special tax may be necessary annually to pay the interest and create a sinking fund for the redemption of the bonds. KRS 66.090, 66.130.

Upon proper pleading and sufficient proof with respect to the compliance with the conditions prescribed by the statute, the circuit court approved the bonds and the special tax levy. The judgment further provides that there must be simultaneous exchange of the 1928 bonds and accrued interest for the new issue dated September 1, 1944, in the ratio of at least $1,118.88 for each $1,000, thereby executing the contract with the appellants without any duplication of the evidences of debt. Hale v. Fiscal Court of Fulton County, 283 Ky. 599, 142 S. W. 2d 115.

The County did not avail itself of the experience and advice of the County Debt Commission or obtain its approval in accordance with the system and plan established by the legislature to assist counties in financial operations of this character, which have proven so salutary and beneficial. The statute does not require that that course be pursued where the bonds are voted for the refunding of others, although it is optional with the counties whether they shall or shall not submit the plan or proposition to the Commission. KRS 66.280 et seq.

It is suggested that the Fiscal Court was not authorized to levy a tax in excess of the regular 50 cents per $100, authorized by Section 157 of the Constitution. It was first definitely declared in McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494, 495, and confirmed as late as Fulton County Fiscal Court v. Southern Bell Telephone & Telegraph Co., 285 Ky. 17, 146 S. W. 2d 15, that where bonds are voted by the people and they do not, in connection with other obligations, create a debt in excess of the limitation established by Section 158 of the Constitution, a county not only may levy an additional tax but must do so if it is necessary to pay the interest and provide a sinking fund for the satisfaction of the bonds. Sections 157, 159, Constitution.

Neither the validity nor the invalidity of the 1928 issue of bonds was undertaken to be established. It was proved that this issue of $80,000, plus the balance of $5,000 of another bond issue and the current indebtedness of the County, does not exceed the constitutional limitation of 2% of the taxable values of the property as fixed by Section 158 of the Constitution. It was not until 1932, with the enactment of what became Section 186c-7, Kentucky Statutes, and later KRS 66.220, that the ordinary procedure with reference to the validity of obligations of a county was reversed and it became necessary to prove the validity of a debt being funded. Hence, bonds issued previous to the enactment are presumed valid; and, even if the original debt was not valid, it was validated by the vote of the people authorizing the issuance of these bonds. Jones v. Fiscal Court of Fulton County, 275 Ky. 619, 122 S. W. 2d 510; Lincoln National Bank v. County Debt Commission, 294 Ky. 642, 172 S. W. 2d 463.

Wherefore the judgment is affirmed.