Joe **HEMLEPP**, Director of Finance, City of Ashland, Kentucky, Appellant,

v.

David **ARONBERG**, Mayor, City of Ashland, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

June 28, 1963.

Paul C. Hobbs, Ashland, for appellant.

A. W. Mann, W. H. Dysard, Dysard, Johnson & Welch, Robert P. Woods, Gray, Woods & Cooper, Ashland, Jo M. Ferguson, Grafton, Ferguson & Fleischer, Louisville, for appellees.

CLAY, Commissioner.

This is an agreed case questioning the validity of a refunding bond issue of the City of Ashland. Its legality was upheld by the trial court.

In 1960 the City, acting for the benefit of the Board of Education of the Ashland Independent School District under the authority of KRS Chapter 162, authorized the issue and sold $2,500,000 of school revenue bonds. These bonds carried an interest rate of 4¼ to 4¾ percent interest and were noncallable until March 1, 1965. Subsequently in 1962 an additional $200,000 in parity bonds was issued for the same purpose. (These bonds carried a lower interest rate and are not directly involved in the refunding plan.) The bonds are not obligations of the City, the principal and interest being payable from rentals charged the Board of Education under a lease agreement with the City.

The proposal under consideration is to refund the 1960 issue by calling all outstanding bonds of that issue on March 1, 1965. The City anticipates that by doing so it may effect an overall saving of not less than $75,000 on this total obligation by reason of more favorable interest rates now prevailing. The interest rate on the original bonds was 4¼ to 4¾ percent, and the refunding bonds will have an interest rate of 3¼ percent.

The principal amount owing on the 1960 issue is $2,289,000. The proposed refunding issue will be in the principal amount of $2,508,000. The excess of $219,000 will be expended as follows: $61,800, redemption premium; $12,540, incidental costs of redemption; the balance to pay principal and interest on the original issue during the period between the time of the issuance of the refunding bonds and the redemption of the original issue. The duplication of principal and interest obligations during the estimated 18 month period between the issuance of the refunding bonds and the redemption of the original issue constitutes the principal objection raised to this plan by appellant.

The refunding of bonds is authorized by KRS 162.260. This statute simply provides that such bonds be issued in accordance with the procedure prescribed for the issuance of the original bonds.

The contentions made on this appeal are that the issuance of refunding bonds *in advance* creates a new obligation, increases the indebtedness of the City, requires the payment of interest not yet due, and duplicates interest payments for the same debt. In addition, it is contended that it is illegal to issue refunding bonds in an amount exceeding the debt to be refunded, and the proposed issue will impair the security of the 1962 bonds.

The first three contentions of appellant are clearly without merit. Refunding bonds always create a new obligation but this issue, if otherwise proper, is authorized by KRS 162.260. The issue will not increase the indebtedness of the City because the City assumes no obligation. The plan does not authorize the payment of interest not yet due.

The basic contention of appellant is that the law with respect to refunding of *general obligation voted* bonds is well settled in Kentucky and that if the same principles

are applied to *revenue* bonds, the proposed refunding issue is invalid. This Court has been rather strict in holding that the amount of the refunding bond issue should not exceed the outstanding obligations of the original issue. The opinions consistently make reference to "increasing the debt" and "duplicating the interest". See Russell v. Fiscal Court of Boyd County, 274 Ky. 377, 118 S.W.2d 757; Hale v. Fiscal Court of Fulton County, 282 Ky. 475, 138 S.W.2d 937, and same case at 283 Ky. 599, 142 S.W.2d 115; Holt v. City of Covington, 286 Ky. 727, 151 S.W.2d 780; and Shaw v. Fiscal Court of Graves County, 288 Ky. 215, 155 S.W.2d 856. Obviously when a specific indebtedness and interest rate has been approved by a vote, the enlargement of that debt or the increase in the interest rate under the guise of a refunding procedure would violate the specific plan approved and create an additional obligation of the governmental agency whose credit was involved. These objectionable features do not apply to revenue bonds.

The plan to issue refunding bonds substantially in advance of the redemption date of the original issue is new in Kentucky. It has been approved in Florida. See State v. City of Orlando, Fla., 82 So.2d 874; State v. City of Melbourne, Fla., 93 So.2d 371; State v. Jacksonville Expressway Authority, Fla., 93 So.2d 870. Our attention is not called to any constitutional or statutory provision that would be violated by such a scheme.

■ Appellant's real objection seems to be that the immediate and substantial increase in the total amount of the bonded debt plus the obligation to pay additional interest for a certain period constitutes an improper expenditure of public funds. However, the plan has a legitimate purpose. The eventual liquidation of the indebtedness, because of the lower interest rate, will realize a saving in overall expenditure. It is estimated the net interest cost for the period between the issue of the refunding bonds and the redemption of the original issue will be ¼ of one percent (since the proceeds of the refunding bonds will be invested in interest-bearing United States securities). Although the refunding operation also requires a reserve for redemption premiums on the bonds to be called and interest on those bonds until called, the amortization of the debt will not only absorb these costs but will result in a net substantial saving by the time the total indebtedness is paid.

We have recently held that reasonable expenses incident to the issuance and sale of refunding bonds are within the purposes for which the original issue was authorized. Bell v. Board of Education of Barren County Sch. Dist., Ky., 343 S.W.2d 804. The reserve for redemption premium payments, the setting aside of a fund for the payment of principal and interest on the original issue during the interim period, and the payment of additional interest (even if properly designated "duplicate interest"), are simply incidental costs of the refunding operation. See State ex rel. Maestri v. Cave, 193 La. 419, 190 So. 631. No claim is made that these expenses are unreasonable. Consequently no ground of illegality in this respect appears.

■ The final contention is that the refunding bond issue will impair the security of the 1962 bonds, which are not directly involved in this plan. Appellees answer the argument by saying the new issue simply takes the place of the old issue, which had been on a parity with the 1962 issue. Since the holders of the 1962 bonds were on notice that by law the original issue could be refunded, the reasonable cost of the refunding plan may not be said to impair their rights. Another reason would appear to be the provision in the refunding bonds to the effect that they are "not issued in derogation or impairment of any liens or other security rights previously created and existing for the security thereof" (specific reference having been made to the 1962 issue).

On the record before us, we find no reversible error.

The judgment is affirmed.