ON REHEARING EN BANC
FRUGÉ, Judge.
A rehearing was granted in this case so that we might reconsider our holding reversing the judgment of the Fifteenth Judicial District Court dismissing plaintiffs’ suit.
The facts, as set forth in our original opinion, are that plaintiffs, as owners of certain property located in the City of Lafayette, filed suit seeking a judgment decreeing Lafayette City Ordinance Number 883 to be null and void, and enjoining the City from attempting to enforce that ordinance.
The ordinance in question was adopted as an emergency ordinance which, according to the Charter of the City of Lafayette, rendered it effective “immediately upon its passage”, without the necessity of following other procedures for the adoption of regular ordinances, including the publishing of the ordinance in its entirety in the official journal of the City of Lafayette.
Subsequent to the adoption of this ordinance, as an emergency ordinance, plaintiffs applied for a building permit for the construction of an apartment house complex, on property owned by plaintiffs. The City refused to issue this building permit for the sole and only reason that the property, where the apartment complex was to be erected, was zoned for single family dwellings under the emergency ordinance. Upon the City’s refusal to issue this permit, the instant suit was instituted by plaintiffs. In this suit, plaintiffs contend that no emergency existed in law or in fact and that the ordinance was null and void as an emergency ordinance. The trial court rendered judgment holding the ordinance inoperative and unenforceable as an emergency measure, and the City of Lafayette appealed. While the appeal was pending the ordinance was adopted as a regular ordinance.
In our original opinion we held that, since Ordinance Number 883 had been adopted as a regular ordinance, the question of whether it was properly adopted as an emergency ordinance and enforceable as such was moot and reversed the judgment of the trial court, dismissing plaintiffs’ suit.
The facts surrounding the adoption of Ordinance Number 883, as an emergency ordinance, are not in dispute and were stipulated to by the parties to this suit or otherwise appear from the record.
Plaintiffs had been successful in declaring Ordinance Number 718 (the prior existing zoning ordinance) invalid by a prior suit. The City of Lafayette immediately adopted Ordinance Number 883 as an emergency measure, the reason being that the City was without a zoning ordinance after Ordinance Number 718 had been declared invalid.
The trial court, in considering the validity vel non of this emergency ordinance, stated:
“Where the City Charter does not confer authority on the governing body of the municipality to declare an emergency but only creates an exception to the prescribed mode of contracting, predi- *310 eating the power of the governing authority on the existence of the emergency as a fact, the Court may review the findings as to the existence of the emergency and may declare that no emergency exists.
“While the Court must give great weight to the determination of the governing authority' of a municipality respecting the conditions supposedly giving rise to the emergency, the governing authority does not possess a legal discretion in the matter and its findings are not beyond review.
“The Board of Trustees of the City of Lafayette were aware of the vulnerability of its original zoning Ordinance #718 and took no action to remedy the existing defects until this Court rendered judgment on August 18, 1969.
“There was no unforeseen occurrence or combination of circumstances which operated to change the situation and it cannot be said that the decision to reenact the zoning ordinance at a particular time was demanded by an emergency. The suspensive appeal by the City of this Court’s original judgment had the effect of continuing Ordinance #718 in effect and would have given the City ample opportunity to enact a new ordinance under the provisions of the Charter with the usual notices.
“This Court is of the opinion that no emergency existed which would warrant the Board of Trustees of the City of Lafayette to enact zoning ordinance #883 as an emergency measure. To hold otherwise would lay precedent for governing authorities of municipalities to designate legislation as emergency measures in order to defeat the rights of citizens to initiative and referendum.” Tr. 15, 16.
We are in agreement with this conclusion. We take cognizance of the holdings of the cases of State ex rel. Maestri v. Cave, 193 La. 419, 190 So. 631; McIntosh v. City of New Orleans, 188 So.2d 183 (La.App. 4th Cir. 1966) ; Grice v. Mayor and Council of Morgan City, 164 So.2d 370 (La.App. 1st Cir. 1964); Breland v. City of Bogalusa, 51 So.2d 342 (La.App. 1st Cir. 1951), which the City of Lafayette cites as authority limiting the judiciary’s scope of review of legislative discretion. However, we do not interpret these decisions to hold that a court cannot question the validity of an ordinance adopted as an emergency, where no emergency exists. See New Orleans Fire Fighters Association Local 632, A.F.L.-C.I.O. v. City of New Orleans, 204 So.2d 690 (La.App. 4th Cir. 1967).
In our opinion, the fact that the City of Lafayette was without a zoning ordinance at the time Ordinance Number 883 was adopted does not of itself constitute an emergency. The Board of Trustees of the City of Lafayette had been aware for a considerable period of time of the vulnerability of its prior zoning ordinance (Ordinance Number 718). The City waited until this ordinance was declared invalid before they attempted to' remedy the situation, and then by adopting Ordinance Number 883 as an emergency ordinance. Furthermore, at the time Ordinance Number 883 was adopted as an emergency, Ordinance Number 718 was still in effect due to the fact that the delays for taking a suspensive appeal by the City had not lapsed. In fact, the City of Lafayette subsequently perfected a suspensive appeal from the judgment declaring Ordinance Number 718 invalid. Accordingly, the ordinary delays of this appeal would have afforded the City ample time to enact a new zoning ordinance, complying with the requirements of the City’s charter for the adoption and enactment of regular ordinances.
In New Orleans Fire Fighters Ass’n Local 632, A.F.L.-C.I.O. v. City of New Orleans, 204 So.2d 690, 695 (La.App. 4th Cir. 1967), “emergency” was defined as:
“[I]t is more commonly used and generally understood to mean a sudden occurrence or exigency, implying imminent *311 danger which leaves no time for deliberation, or a sudden or unexpected necessity requiring speedy action; and as a generalization, it is a sudden or unexpected event which creates a temporarily dangerous condition usually necessitating immediate or quick action.”
Also persuasive, and perhaps even controlling, of the issue involved in this case, is the language of the Louisiana Supreme Court in State ex rel. Holcombe v. City of Lake Charles et al., 175 La. 803, 144 So.502, 504 (1932). In that case, the Supreme Court was presented with a motion to remand because the City therein had passed an ordinance subsequent to the filing of suit for an injunction against enforcement of a previous ordinance. The Court stated :
“The intervenors have filed in this court what they call a plea in abatement, and a motion to remand the case for the purpose of sustaining the plea, in which they set forth that, after the case was decided by the district judge, the municipal council of Lake Charles adopted another zoning ordinance (No. 533) which purports to forbid the establishment of a filling station on the relator’s property. In the exercise of our discretion we decline to remand the case. There is no good reason why a case of this kind should be remanded or reopened whenever the municipality adopts another ordinance in defense of the suit.”
This case, then, is similar to the instant case and the result should be the same where it concerns the subsequently adopted ordinance.
For the reasons herein set out, the judgment of the District Court is affirmed and Ordinance Number 883 of the City of Lafayette is held inoperative and without effect during the time it existed as an emergency ordinance until the date it was adopted as a regular ordinance pursuant to the provisions of the City of Lafayette Charter.
Affirmed.
HOOD, J., dissents for the reasons assigned in our original opinion.